THE CITY OF NEW YORK, Plaintiff, *v.* THE CITY OF YONKERS, Defendant.

Second Department, March 10, 1922.

Municipal corporations — water rates — city of Yonkers had power to assess water rates against unimproved lots belonging to city of New York — Second Class Cities Law, §§ 94 and 95, and supplemental charter of city of Yonkers (Laws of 1908, chap. 452), art. 8, § 8, construed and applied — opportunity for hearing on assessment not denied.

Under section 94 of the Second Class Cities Law (Laws of 1906, chap. 473), the city of Yonkers had power to assess water rates against unimproved lots belonging to the city of New York, and section 8 of article 8 of the supplemental charter of the city of Yonkers (Laws of 1908, chap. 453), which provides a more detailed method of establishing a scale of rents for the use and supply of water to buildings in the city than is contained in the Second Class Cities Law, does not limit the power of the city of Yonkers to establish water rates for unimproved property to compensate for the benefits indirectly conferred upon such property.

The city of New York was not denied an opportunity for hearing on the assessment of water rates against its property, for under section 95 of the Second Class Cities Law water rates are to be included in the general assessment rolls, upon which ample opportunity is given for a hearing.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure (now section 546 of the Civil Practice Act).

The plaintiff owns unimproved property abutting on certain avenues and roads in the city of Yonkers. The defendant assessed the property for water rents for the year 1917, amounting to $1,199.80, claiming that the assessment was a valid lien upon the property pursuant to the laws authorizing the assessment for water rent applicable to the city of Yonkers. The charges have not been paid and the plaintiff has demanded that they be canceled on the public records. The defendant refuses to do this and threatens to collect the charges by legal process. The parties have submitted the controversy to this court upon an agreed statement of facts. The plaintiff demands judgment that the said rates are illegal and void and that they be vacated, set aside and canceled on the records of the defendant. The defendant demands judgment declaring that they are a valid and legal charge upon the property of the plaintiff.

*I. J. Beaudrias [John P. O'Brien, Corporation Counsel, with him on the brief], for the plaintiff.*

*John J. Broderick [James Taylor Lewis, Corporation Counsel, with him on the brief], for the defendant.*

Blackmar, P. J.:

The plaintiff claims that the rates assessed against its property within the limits of the defendant corporation are invalid, *first,* because the defendant had no authority of law to assess water rates upon unimproved property, and, *second,* because opportunity to be heard as to the validity of the assessment had not been given to the plaintiff.

The defendant is a second class city. (See N. Y. Const. art. 12, § 2; Legislative Manual 1921, p. 226.) The Second Class Cities Law (Laws of 1906, chap. 473), entitled " Uniform charter of cities of the second class," was passed on the 16th day of May, 1906, to take effect on January 1, 1908. According to the provisions of the section of the Constitution above cited, this was a general and not a special city law. Section 94 of this law provides ample authority for any city of the second class to levy water rents not only upon improved but also upon unimproved property, the phraseology being: " He [the commissioner of public works] shall have power, with the assent of the board of estimate and apportionment, to establish rates of rents to be charged and paid annually for the supply of water or for the benefits resulting therefrom, to be called water rents, which shall be apportioned to the different classes of buildings in the city in reference to their dimensions and the ordinary uses of water for the same, and to different lots, as may be practicable." Section 95 of the law provides for making the amount of water rents due and unpaid, " like other taxes of the city, a lien upon the lots and buildings against which the same are chargeable." It provides that a list or roll of the water rents be filed with the assessors of the city, who shall assess the amount upon the property, and hearings shall be had thereon, " and the same shall be levied, corrected, enforced and collected in the same manner, by the same proceedings, at the same time, under the same penalties, and having the same lien upon the property assessed as the general city tax and as a part thereof."

The supplemental charter of the city of Yonkers (Laws of 1908, chap. 452) became a law on May 21, 1908. It is entitled, "An act to supplement the general laws relating to the government of the city of Yonkers, and to revise and consolidate the local laws relating thereto." By its very title it is, therefore, an act to *supplement* the Second Class Cities Law, which was by the Constitution

declared to be a general city law. Section 2 of article 14 of this law provides in substance that the act does not repeal any statute not expressly repealed by and not inconsistent with the provisions of the act; " and the same shall remain in full force and effect, when not inconsistent with the provisions of this act, to be construed in harmony with its provisions."

It follows that the so-called supplemental charter of the city of Yonkers does not repeal any provision of the Second Class Cities Law unless inconsistent therewith. There is nothing in the charter inconsistent with the provisions of the Second Class Cities Law authorizing cities of the second class to levy water rents upon unimproved property. · Section 8 of article 8 of the supplemental charter provides a more detailed method of establishing a scale of rents for the use and supply of water to buildings in the city than is contained in the Second Class Cities Law. These provisions are plainly supplemental to those of the Second Class Cities Law and are applicable only to the determination of the amount to be charged for the use and supply of water. They do not limit the power of the defendant, under the Second Class Cities Law, to establish water rates for unimproved property to compensate for the benefits indirectly conferred upon such property. By chapter 313 of the Laws of 1918, section 8 of article 8 of the supplemental charter was amended on April 23, 1918, so as to provide a frontage tax on all real estate lying along or facing on either side of a street or alley in which a water main was then laid or shall thereafter be laid, which tax was in addition to the water rents provided for in that section. This amendment was, however, subsequent to the water rents for 1917, and has no bearing on the matter here in controversy.

The claim of the plaintiff that no opportunity for a hearing was given upon the levy of the water rates is based upon section 8 of article 8 of the supplemental charter. That section provides for the publication of a notice that the commissioner has prepared a proposed scale of water rents and that the same is subject to inspection by any *resident* of the city for a period of five days, and that he will be present at a specified time and place for the consideration of such proposed scale and for the hearing and consideration of any complaint that may be made by any resident of the city. The plaintiff, assuming that the only authority for levying water rates is found in article 8 of the supplemental charter, claims that the right to a hearing was thereby limited to residents of the city of Yonkers, in which category the plaintiff does not fall. The claim is without merit. In the first place, the provision for a hearing under section 8 of article 8 of the supplemental charter, at least as it existed in May, 1917, is confined to the special provision made for

the ascertainment of water rentals for the use of water in buildings and does not apply to water rents assessed upon vacant lots by the front foot; and, *secondly*, it would be absurd to claim, in view of the other provisions of this act and of the Second Class Cities Law, that there was any attempt to limit the constitutional right to a hearing to persons who might happen to be residents of the city of Yonkers. As I have pointed out, under section 95 of the Second Class Cities Law water rents were to be included in the general assessment rolls, upon which hearings should be had. By article 5 of the supplemental charter, ample opportunity is provided for the examination of the assessment rolls and for hearings thereon. It follows that by the Second Class Cities Law and the supplemental charter ample authority was vested in the defendant to levy the assessment upon the vacant land owned by the plaintiff in the city of Yonkers, that opportunity for a hearing is expressly given and that such assessment is valid. The fact that the Second Class Cities Law was re-enacted as part of the Consolidated Laws (Consol. Laws, chap. 53; Laws of 1909, chap. 55) does not affect the question.

Judgment should be rendered for the defendant in accordance with the terms of the submission, without costs.

Kelly, Jaycox, Manning and Kelby, JJ., concur.

Judgment directed for the defendant in accordance with the terms of the submission, without costs.