■ In the Matter of NEW YORK CARDIAC CENTER, INC., Respondent, v. JOHN KONDZIELASKI, as the City Assessor of the City of Yonkers, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR, inter alia, to annul a determination by appellants which revoked petitioner's exemption from real estate taxes and to direct that petitioner be granted such an exemption, the appeal, as limited by appellants' briefs, is (1) from so much of a judgment of the Supreme Court, Westchester County, entered February 8, 1974, as granted the petition to the extent of declaring that petitioner is, and was at all times, entitled to tax exempt status on the subject real property, annulling the revocation of its tax exempt status, canceling the December 1, 1972 and June 6, 1973 real estate tax bills received by petitioner, directing a refund to petitioner of $51,387.74 plus interest, declaring that the portion of the property

transferred by petitioner to the Richmond Children's Center, Inc., is tax exempt and canceling that portion of the supplemental tax bill of December 1, 1972 which applied to such portion of the property and (2) from an order of the same court, entered February 15, 1974, which denied reargument. Appeal from order of February 15, 1974 dismissed, without costs. No appeal lies from an order which denies reargument. Proceeding remitted to Special Term for hearing and report on the question whether the 22 acres owned by petitioner on North Broadway in Yonkers is currently being used in furtherance of purposes which would qualify for tax exemption pursuant to subdivision 2 of section 421 of the Real Property Tax Law and appeal from the judgment of February 8, 1974 held in abeyance in the interim. Petitioner acquired 24.768 acres at the site in question in April, 1953 and used the property on a tax exempt basis until 1971. In August, 1972 petitioner conveyed 2.768 acres of the property, including a building which had been constructed thereon, to another charitable corporation, retaining ownership of the remaining 22 vacant acres. On or about December 1, 1972, petitioner received a supplemental tax bill, retroactive to July 1, 1972, for real property taxes covering the entire 24.768 acres. The amount of tax was computed for the second half of 1972 and for all of 1973. In January, 1973 petitioner filed an application for exemption from taxation and in February, 1973 filed an application to correct the assessment on the 22 acres to which it still held title. Both applications were denied and petitioner paid, under protest, the amount of tax allocated to the 22 acres. Special Term has canceled the tax bills and ordered a refund of the amount paid under protest, plus interest, in reliance upon *Matter of Shrine of Our Lady of Martyrs of Auriesville* v. *Board of Assessors of Town of Glen* (40 A D 2d 75, 76). That case reenunciated the three-step test which must be met before an owner is entitled to tax exemption, viz., (1) the owner must be organized exclusively for the purposes specified in section 420 (now 421) of the Real Property Tax Law, (2) the property must be used primarily in furtherance of those purposes and (3) no pecuniary profit may inure to any of the owner's officers, members or employees; nor may the property be used as a guise for profitmaking operations. We cannot determine on the record before us whether the three-step test has been met, particularly the second step, which concerns *use* of the property. There is some evidence that petitioner executed a written license agreement covering use of the 22 acres by the charitable corporation which acquired the 2.768 acres, but the evidence of *actual use* is sketchy and Special Term made no finding in this regard (see *Young Women's Christian Assn.* v. *City of New York*, 217 App. Div. 406, 409, affd. 245 N. Y. 562). We therefore remit to Special Term to take proof on this issue and to report, with findings, and the appeal will be held in abeyance pending receipt of such report. Hopkins, Acting P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.