■ In the Matter of NEW YORK CARDIAC CENTER, INC., Respondent, v JOHN KONDZIELASKI et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to annul a determination by appellants which revoked petitioner's exemption from real estate taxes and to direct that petitioner be granted such an exemption, the appeal, as limited by appellants' briefs, is (1) from so much of a judgment of the Supreme Court, Westchester County, entered February 8, 1974, as granted the petition to the extent of declaring that petitioner is, and was at all times, entitled to tax exempt status on the subject real property, annulling the revocation of its tax exempt status, canceling the December 1, 1972 and June 6, 1973 real estate tax bills received by petitioner, directing a refund to petitioner, declaring that the portion of the property transferred by petitioner to the Richmond Children's Center, Inc., is tax exempt and canceling that portion of the supplemental tax bill of December 1, 1972 which applied to such portion of the property and (2) from an order of the same court, entered February 15, 1974, which denied reargument. By a prior order of this court, dated November 25, 1974, the appeal from the order of February 15, 1974 was dismissed as nonappealable. In connection with the judgment, the proceeding was remitted to Special Term for hearing and report as to whether the 22 acres owned by petitioner on North Broadway in Yonkers was being used in furtherance of purposes which would qualify for tax exemption, and the appeal was held in abeyance in the interim *(Matter of New York Cardiac Center v Kondzielaski,* 46 AD2d 810). Such hearing has been held and the report, which, in essence, concluded that the premises were being used for charitable purposes, has been received by this court. Judgment affirmed insofar as appealed from, with costs. The record, including the evidence submitted to Special Term on remand, amply supports both the original decision and the postremand report of Special Term to the effect that the parcel in question is primarily used for charitable purposes by petitioner's licensee (see Real Property Tax Law, § 421, subd 2). Gulotta, P. J., Hopkins, Martuscello, Latham and Cohalan, JJ., concur.