■ NEW YORK CARDIAC CENTER, INC., Appellant, v JOHN KONDZIELASKI, as City Assessor of the City of Yonkers, et al., Respondents — In an action, *inter alia,* to have plaintiff declared exempt from the payment of a frontage tax levied by defendant City of Yonkers, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered May 2, 1980, which, *inter alia,* (1) denied its motion for summary judgment and (2) granted defendants' cross motion to the extent of, *inter alia,* dismissing the complaint and declaring that plaintiff was legally obligated to pay the said frontage tax. Order affirmed, with $50 costs and disbursements. The plaintiff is a charitable not-for-profit corporation entitled to exempt status from all real property taxes levied upon the premises owned by it located in the City of Yonkers (Real Property Tax Law, § 421; *Matter of New York Cardiac Center v Kondzielaski,* 53 AD2d 671). Certain real property owned by plaintiff consists of vacant land which does not utilize any water. The plaintiff alleges that it is exempt from all "service charges", including a frontage tax, based upon the exemption provided in sections 420 and 498 of the Real Property Tax Law. Section 420 of the Real Property Tax Law provides in relevant part: "Limitation on exemptions allowed by this title 1. Notwithstanding the provisions of the section of this chapter hereinafter enumerated, real property for which exemption is allowed by any of such sections, *exclusive of property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational or cemetery purposes,* or any such property owned by the dormitory authority and leased to any such corporation or association, shall be subject to service charges computed as provided in section four hundred ninety-eight of this chapter and to such ad valorem levies and special assessments as are specified in subdivision two of section four hundred ninety of this chapter". (Emphasis added.) Section 498 of the Real Property Tax Law provides in relevant part: "Service charges *** (d) Notwithstanding the provisions of any local law to the contrary, all real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, education or cemetery purposes, or any such property owned by the dormitory authority and leased to any such corporation or association, shall be exempt from *all service charges.*" (Emphasis added.) The sole issue before Special Term, as posed by the plaintiff in its motion for summary judgment, was the interpretation and application of sections 420 and 498 of the Real

Property Tax Law with regard to the frontage tax imposed by section C12-9 of the Charter of the City of Yonkers. The penultimate paragraph of section C12-9 provides: "In addition to the water rents provided for in this section, there shall be a frontage tax of fifty cents ($0.50) per effective front foot, as determined by the City Assessor, in each and every year on all real estate facing on a street or alley in which a water main is not laid, or shall hereafter be laid, which shall be a lien on the real estate affected. The frontage tax shall also include an annual charge of three dollars ($3.) for every dwelling unit in excess of one (1) contained in any building used wholly or partly for dwelling purposes (Amended 6-28-74 by L.L. No. 6-1974; 7-29-75 by L.L. No. 9-1975)." It is undisputed that subdivision 1 of section 420 of the Real Property Tax Law established an exemption for the plaintiff from any service charges within the purview of subdivision (d) of section 498 of the Real Property Tax Law, notwithstanding the contrary provisions of any local law. Plaintiff claims that the frontage tax is in fact a tax since the Charter of the City of Yonkers itself adopts that terminology. The defendants, however, in their cross motion for summary judgment, allege that the frontage tax is not a service charge but a special assessment. Subdivision 13-a of section 102 of the Real Property Tax Law defines a service charge as "a charge, other than a special ad valorem levy or special assessment, imposed upon real property by or on behalf of a county, city, town or village, to defray the costs of services, and improvements necessary or convenient in providing * * * water supply." Service charges are computed pursuant to section 498 of the Real Property Tax Law by multiplying the regular tax rate by a percentage (ratio of net costs of chargeable services to the net cost of all municipal services, other than those for which special assessments and ad valorem levies are imposed) and are levied upon assessed value of the taxable property. The frontage tax is computed by multiplying the prescribed assessment per lineal front foot by the total linear feet facing the street or alley in which a water main is located. Subdivision 15 of section 102 of the Real Property Tax Law defines a special assessment as: "a charge imposed upon benefited real property in proportion to the benefit received by such property to defray the cost, including operation and maintenance, of a special district improvement or service or of a special improvement or service, but does not include a special ad valorem levy." The presence of water mains and water supply available to service the premises clearly constitutes a benefit, notwithstanding the present nonuse of such water supply and further it cannot be disputed that such availability of water services enhances the property value *(City of New York v City of Yonkers,* 200 App Div 427; *Batterman v City of New York,* 65 App Div 576). The purpose and utilization of the frontage tax for the Yonkers Wide Water District is, therefore, within the purview of a special assessment as defined in subdivision 15 of section 102 of the Real Property Tax Law. Lazer, J. P., Gulotta, Margett and Bracken, JJ., concur.