■ In the Matter of NASSAU COUNTY HISPANIC FOUNDATION, INC., Appellant. BOARD OF ASSESSORS et al., Respondents. (Proceeding No. 1.) In the Matter of NASSAU COUNTY HISPANIC FOUNDATION, INC., Appellant. ASSESSOR OF THE CITY OF GLEN COVE et al., Respondents. (Proceeding No. 2.) [603 NYS2d 174] — In consolidated proceedings pursuant to CPLR article 78, to review a determination of the Board of Assessors and the Board of Assessment Review of the County of Nassau dated July 16, 1990, and a determination of the Assessor of the City of Glen Cove and the City of Glen Cove, dated July 31, 1990, denying the petitioner a tax exemption under RPTL 420-a, the petitioner appeals from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated May 31, 1991, which dismissed the consolidated proceedings.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The petitioner was incorporated in 1972 for charitable, cultural, literary, and educational purposes. In 1984, it acquired a parcel of land improved with, *inter alia,* a masonry block building containing 23 residential and five commercial rental units. It rented the residential units on its property to participants in a rent subsidy program created under 42 USC § 1437f. Thereafter in 1990, it applied for a tax exemption pursuant to RPTL 420-a (1). The respondents denied the application, and the Supreme Court upheld the denial, noting, in relevant part, that while the petitioner may be a charitable organization, providing decent, safe, and sanitary housing to low-income families, the subject property was not used for any exempt purpose under RPTL 420-a (1). According to the respondents, the rents charged by the petitioner were equal to the fair market rents, which negated any charitable purpose. We agree.

The petitioner failed to sustain its burden to establish that its property was qualified for exemption under RPTL 420-a (1) *(see, Matter of Grace v New York State Tax Commn.,* 37 NY2d 193). A corporation which claims an exemption under RPTL 420-a must show that (1) the owner is organized exclusively for the purposes specified in the statute, (2) the property is used primarily in furtherance of these purposes, and (3) no pecuniary profit inures to the owners, officers, members, or employees, nor is the property used as a guise for profit-making operations *(see, Matter of New York Cardiac Ctr. v Kondzielaski,* 46 AD2d 810).

While the petitioner may have shown that it was formed for one of the exempt purposes, it nevertheless failed to establish that the property is used primarily in furtherance of one of its stated purposes, because it received subsidies from the United States Department of Housing and Urban Development, bringing the rent received up to market value.

We have examined the petitioner's remaining contentions and find them to be without merit. Mangano, P. J., Balletta, Copertino and Joy, JJ., concur.