■   In the Matter of GERALD E. BODELL, Respondent, v JOHN J. GHEZZI, as Acting Secretary of State of the State of New York, et al., Appellants.— Appeal from a judgment of the Supreme Court at Special Term, entered March 31, 1975 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, directing the Department of State to file petitioner's proposed certificate of incorporation under the Not-for-Profit Corporation Law. The Secretary of State refused to accept petitioner's proposed certificate on the ground that the purpose of the corporation included business purposes and, therefore, should be designated Type C

rather than Type B as specified by petitioner (see Not-for-Profit Corporation Law, § 201, subds [b], [c]). Appellants contend that the following purposes contained in the proposed certificate are "business" activities and, therefore, the corporation must be Type C: "to construct buildings and improvements thereon for the purpose of providing housing and other facilities by lease, sale, gift or otherwise, exclusively to voluntary agencies which are organizations described under Section 501(c)(3) and exempt from taxation under Section 501(a) of the Internal Revenue Code." Special Term found this position "without any basis in law" and arbitrary and capricious and ordered the filing of the proposed certificate of incorporation. There are no cases distinguishing between a nonprofit, nonbusiness purpose Type B corporation and a nonprofit, business purpose Type C corporation and the prior law merely distinguished between profit and nonprofit enterprises. Nor have we found any legislative history which is clearly dispositive of the issue. It is well established, however, that the Secretary of State has discretion to refuse to accept certificates of incorporation and amended certificates which contain provisions that are not authorized by law (see *Matter of Boufford Co. v Lomenzo,* 38 AD2d 986; *Matter of Stewart v Department of State,* 260 App Div 1003, mot for lv to app den 285 NY 861; *People ex rel. Barney v Whalen,* 119 App Div 749, affd 189 NY 560). Here, according to the Legislative Studies and Reports (McKinney's Cons Laws of NY, Book 37, Not-for-Profit Corporation Law, § 201, pp 41–42) a Type C corporation is one that is organized for a purpose normally carried on by business corporations for profit and subdivision (c) of section 201 of the Not-for-Profit Corporation Law provides that if "a corporation has among its purposes any purpose which is within type C, such corporation shall be considered a type C corporation." Thus, each certificate must be evaluated on the nature of the proposed activities and not alone on the results no matter how laudatory (see *Kubik v American Composers Alliance,* 54 NYS2d 764, 765). The sale and lease of real property, without restriction, can only be considered a business purpose and the fact that such activities have been approved by the Internal Revenue Service for tax exemption is not conclusive. Accordingly, it cannot be said that the appellants' determination was illegal, arbitrary or capricious. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Greenblott, J. P., Koreman, Main, Larkin and Reynolds, JJ., concur.