Jones, J.
In our view, appellant foundation is not entitled under section 421 of the Real Property Tax Law to exemption from taxation.
Appellant, a nonprofit corporation, was incorporated on October 5, 1850 as "The American Swedenborg Printing & Publishing Society” under an 1848 act providing for the incorporation of "benevolent, charitable, scientific and missionary societies” (L 1848, ch 319). The original charter set forth its corporate purposes as follows: "That the business and objects solely of the Society are the printing, publishing and circulating the Theological Works and Writings of Emanuel Swedenborg for charitable and missionary pruposes.” Its incorporation was confirmed and legalized by chapter 322 of the Laws of 1893. In 1928 its name was changed to its present form and its purposes and powers were amended to provide: "That the purposes and powers of the Society are to print, publish, circulate and distribute the theological, scientific and other works and writings of Emanuel Swedenborg, for benevolent, charitable, scientific, missionary and philanthropic purposes, as well as annotations, commentaries thereon and extracts therefrom, and to purchase, sell, translate into any language, edit and advertise such works and writings; to print, publish, circulate, purchase, or sell literature in agreement therewith or collateral thereto; to acquire, prepare, publish and distribute biographies of EMANUEL SWEDENBORG; to hold meetings, lectures, debates and conferences as a means of promoting interest in his writings and teachings; to maintain reading-rooms, libraries, branches and stations for reference and study of such writings and teachings in any part of the world; and to do such other lawful things as may be incidental *91 to the carrying into effect of the foregoing purposes and powers, which purposes and powers shall be exercised without any pecuniary profit to any officer, member or employee of the corporation except reasonable compensation for services in effecting one or more of such purposes or powers.”
The foundation’s activities are directed to a wide public dissemination of the religious and philosophical writings and teachings of Emanuel Swedenborg, an eighteenth century Swedish theologian, philosopher and scientist. To that end it publishes and distributes Swedenborg’s religious and philosophical writings together with commentaries and related writings. The publications are either sold at or below cost or are given to educational institutions, libraries, churches of all denominations, prisons, hospitals, students, clergymen, seminarians, and members of the general public. Choices as to materials to be published by the foundation are made by the editorial and publications committee of the foundation’s board of trustees.
One of the principal methods of distribution employed by the foundation is the use of "outreach distribution”—by individuals who are neither sought out nor sent out by the foundation but volunteer because of their interest in Swedenborg’s works to circulate paperback editions of the organization’s publications. The foundation also provides talking books for the blind and lecturers, conducts college essay contests, sponsors seminars and discussions concerning Swedenborg’s philosophical and religious works, makes grants to persons engaged in related studies, and maintains a library and reading room open to the public and as a source of research material.
The Church of The New Jerusalem is a legally unrelated religious. organization espousing the tenets and teachings of the Swedish theologian. Although it obtains most of its copies of Swedenborg works from the foundation, the New Church has its own organization for the publication of its books of worship and its hymnals. At the time of the institution of the present litigation it appears that most, although not all, of the foundation’s 317 life members were members of the New Church. The members of the foundation’s board of directors are elected from the membership. In this instance all 16 directors were members of the New Church, although such affiliation was not mandated by foundation by-laws. The foundation is neither answerable nor subservient to the New *92 Church, and it does not appear that the foundation gives any financial support to the New Church.
The foundation’s financial support comes without active solicitation, from gifts, bequests and investment income.
In 1966 the foundation purchased a three-story building at 139 East 23rd Street in the Borough of Manhattan, the second and third floors of which it leases to a commercial tenant. The basement and ground floor are used and occupied by the owner for its headquarters, offices, library and reading room. From the time of its acquisition until January 1, 1972 the portion of the property occupied by the foundation was exempt from real property taxation by the City of New York. On January 1, 1972, however, following adoption of Local Law No. 46 of 1971, the city asserted that the foundation’s real property was no longer exempt and the property was restored to the tax rolls at its full assessment.
By this proceeding petitioner seeks restoration of the exemption for that portion of its property that was previously exempt and recovery of the taxes paid thereon under protest since January 1, 1972. After a reference Special Term held that portion of the foundation’s real property occupied and used by the foundation exempt from real property taxation. The Appellate Division reversed, and we now affirm this latter determination.
In 1971 the Legislature recast the statutory scheme of exemption from real property taxation by creating two classifications. Unqualified exemption was accorded corporations and associations "organized or conducted exclusively for religious, charitable, hospital, educational, [moral or mental improvement of men, women or children][1] or cemetery purposes, or for two or more such purposes” (Real Property Tax Law, § 421, subd 1, par [a]). Qualified exemption was granted corporations and associations which did not fall within the first category, but which were organized or conducted exclusively for one or more of 14 other specified public benefit purposes (§ 421, subd 1, par [b]) (cf. Matter of American Bible Soc. v Lewisohn, 40 NY2d 78, decided herewith).[2] The qualified exemption can be *93 withdrawn by appropriate action of the governing board of the local municipal corporation within which the particular real property is located (§ 421, subd 1, par [b]). By Local Law No. 46 of 1971, the City of New York exercised its authority of withdrawal with respect to all qualified exemptions to the full extent.* *[3]
In our analysis it is not necessary in this case to determine whether appellant falls within the scope of section 421 (subd 1, par [b]) as organized for "tract” or "missionary” or other particular purpose there specified. Whatever qualified exemption appellant might have been entitled to under that paragraph has now concededly been fully withdrawn. Thus, appellant’s entitlement to exemption, if any, must be to an unqualified exemption under paragraph (a) of the section. We turn then to inquire whether, on the record before us, it has been established that appellant was organized and is conducted exclusively (in the sense of "principally” or "primarily” [Matter of Association of Bar of City of N. Y. v Lewisohn, 34 NY2d 143]) "for religious, charitable, hospital, educational, moral or *94 mental improvement of men, women or children or cemetery purposes”. Evidently appellant does not fall within the classifications of hospital or cemetery purposes.
We conclude that the primary purpose of the foundation is not religious within the contemplation of the statute. Neither the corporation nor any corporate activity is directly associated with an organized religious denomination or with an organization having as its avowed purpose the furthering of a recognized religion (cf. Matter of American Bible Soc. v Lewisohn, 40 NY2d 78, supra, decided herewith). While in some senses the foundation may accurately be said to have a relationship with the Church of The New Jerusalem, that relationship is clearly of incidental significance only (by way of contrast compare Matter of Watchtower Bible Soc. & Tract of N. Y. v Lewisohn, 35 NY2d 92). In this instance, no religious purpose is specified in the statement of either the foundation’s original or its extended corporate purposes. While the foundation is the principal source of Swedenborg’s religious writings for the New Church, the latter looks elsewhere for its books of worship and its hymnals and the activities of the foundation are in no way those of the New Church. Indeed it appears that a significant portion of the works of Swedenborg, and thus of the publications of the foundation, relate to scientific and philosophical rather than to theological tenets and writings, and thus may not be described as religious even in the generic sense. The most that can be said is that the foundation and the New Church share a common interest. This circumstance is not sufficient to establish that the foundation’s purpose is primarily religious within the contemplation of subdivision 1 of section 421.
It is then urged that the foundation was organized and is conducted exclusively for educational purposes, i.e., to "educate” people as to the writings and views of Emanuel Swedenborg. So to hold in our opinion would involve an unacceptable extension of the concept of education. We think education, at least within the contemplation of subdivision 1 of section 421, refers to the development of faculties and powers and the expansion of knowledge by teaching, instruction or schooling. We distinguish the very much broader process of the communication of facts and ideas. While it may be that a small portion of the foundation’s activities includes the supplying of lecturers and participation in seminars, it cannot be said that *95 the foundation is itself directly affiliated with any recognized educational institution nor does any significant portion of its activities form part of an organized instructional program. Its financial support of scholarly research by others does not constitute, educational activity. Although it is true that the consent of the State Department of Education was obtained for the 1928 amendment of the foundation’s certificate of incorporation, we do not find that circumstance determinative. More significant are the facts that the foundation was not chartered by the Board of Regents and it is not classified as an educational institution by the Department of Education.[4] To adopt the concept of education advanced by appellant would appear to be to accord an unqualified tax exemption to any corporation or association engaged principally in the dissemination of information and ideas, or at least to invite litigation to that end. We do not read the statute as so unlimited.
Further we conclude that, although aspects of the foundation’s activites may loosely be characterized as charitable or for the moral or mental improvement of men, women or children, such purposes, either singly or in combination with other exempt purposes, are not the principal purpose of this foundation. The primary purpose of this foundation, as appears from the record, is to disseminate the writings and views of Emanuel Swedenborg. Commendable and beneficial as this purpose is, it does not qualify the foundation for exemption from real property taxation under subdivision 1 of section 421. Again we say that "public benefit is not the test of qualification for exemption”. (Matter of Association of Bar of City of N. Y. v Lewisohn, 34 NY2d 143, 154-155, supra.)
Nor does the fact that the foundation has received favorable determinations from the United States Department of the Treasury as to its exempt status for other tax purposes affect the outcome (Matter of Association of Bar of City of N. Y. v Lewisohn, 34 NY2d 143, 154, supra). Finally we reject appellant’s arguments predicated on asserted denials of equal protection of the law and of due process (Matter of American Bible Soc. v Lewisohn, 40 NY2d 78, supra, decided herewith).
Accordingly, for the reasons stated the order of the Appellate Division should be affirmed.
*96 Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, without costs.

. Added by section 1 of chapter 529 of the Laws of 1972.

. Subdivision 1 of section 421 of the Real Property Tax Law provides in part:
"(a) Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, moral or mental improvement of men, women or children or cemetery purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such *93 purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section.”
"(b) Real property owned by a corporation or association which is not organized or conducted exclusively for religious, charitable, hospital, educational, moral or mental improvement of men, women or children or cemetery purposes, or for two or more such purposes, but which is organized or conducted exclusively for bible, tract, benevolent, missionary, infirmary, public playground, scientific, literary, bar association, medical society, library, patriotic or historical purposes, for the enforcement of laws relating to children or animals, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association, or by another such corporation or association as hereinafter provided, shall be exempt from taxation; provided, however, that such property shall be taxable by any municipal corporation within which it is located if the governing board of such municipal corporation, after public hearing, adopts a local law, ordinance or resolution so providing.”

. Local Law No. 46 of 1971 provides in pertinent part: "Taxation of property of nonprofit organizations, pharmaceutical societies and dental societies. 1. Real property owned by a corporation or association which is not organized or conducted exclusively for religious, charitable, hospital, educational or cemetery purposes, or for two or more such purposes, but which is organized or conducted exclusively for the moral or mental improvement of men and women or for bible, tract, benevolent, missionary, infirmary, public playground, scientific, literary, bar association, medical society, library, patriotic or historical purposes, for the enforcement of laws relating to children or animals, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association * * * shall be taxable.”

. We note that the foundation does not come within the definition of educational corporation found in subdivision 1 of section 216-a of the Education Law, the most recent statutory classification (L 1972, ch 901, § 3.)