■ In the Matter of the CATSKILL CENTER FOR CONSERVATION AND DEVELOPMENT, INC., Respondent, v ALBERT M. VOSS, as Assessor of Town of Hardenburgh, et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered May 25, 1977 in Ulster County, which, in a proceeding pursuant to article 7 of the Real Property Tax Law, denied the appellant town's motion for summary judgment. Petitioner applied for real property tax exemption for the year 1976 pursuant to section 421 (subd 1, par [a]) of the Real Property Tax Law for its real property situate in the Town of Hardenburgh, Ulster County. The application was denied by both the town assessor and the board of review. Petitioner alleges that it is a corporation organized and conducted solely and exclusively for charitable, educational, and moral and mental improvement purposes, and its real property is used exclusively for carrying out thereupon said purposes as designated in section 421 of the Real Property Tax Law and, therefore, it is entitled to the exemption provided therein. The proceeding was commenced on August 4, 1976. The appellants did not interpose an answer, but, on March 17, 1977, moved for summary judgment dismissing the petition. That motion and petitioner's cross motion to set the matter down for a day certain were denied. Section 421 (subd 1, par [a]) of the Real Property Tax Law provides as follows: "Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, moral or mental improvement of men, women or children or cemetery purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section." The basic contention of the town is that the petitioner is bound by the purposes stated in its certificate of incorporation, and that those purposes as stated therein do not come within the requirements of section 421 and, therefore, petitioner is not entitled to the claimed exemption. The purposes for which petitioner is organized are stated in its certificate as follows: "SECOND: The purposes for which the corporation is to be formed are: a. To conserve and protect the indigenous wildlife, both plant

and animal, in the Catskill Region; to preserve the scenic and historic localities in that Region; to foster the maintenance of an ecological balance in that Region; to preserve and maintain pure clean air and water and discourage pollution in all forms; to establish forest preserves, fish and game preserves, park areas and related facilities; and to encourage general community participation in all activities that may result in the conservation and enhancement of aesthetics and scenic values in that Region. b. To disseminate information promoting the conservation practices; to maintain and make available to the public materials on conservation and allied subjects; to stimulate, encourage and educate the public on the use of conservation practices in that Region. c. To facilitate the development of an optimum human environment by promoting the economic vitality, general welfare and health educational opportunities of the people, and the physical beauty and resources of the Catskill region. d. To cooperate with educational institutions and research planning and educational activities in connection with the development of that Region; to be of assistance to other organizations, individuals, and groups who are concerned with the welfare and benefits of that Region; to cooperate with the municipal, county, state or Federal authorities in all phases of conservation. e. Without any political aims or affiliations, to conduct factual studies of conditions in and affecting that Region; to promote Regional planning, research and development and to sponsor plans and projects for the conservation and beautification of that Region; and generally, to achieve the optimum Regional and conservation and resource management." These purposes, if carried out as the exclusive activities conducted by petitioner, would appear to fall within the requirements for exemption set forth in section 421 (*Matter of Wildlife Preserves v Scopelliti,* 66 Misc 2d 611; *Matter of North Manursing Wildlife Sanctuary v City of Rye,* 52 Misc 2d 96, revd on other grounds 28 AD2d 891; cf. *People ex rel. Untermyer v McGregor,* 295 NY 237). The term exclusive as used in section 421 has been held to connote principal or primary (*Matter of American Bible Soc. v Lewisohn,* 40 NY2d 78; *Matter of Association of Bar of City of N. Y. v Lewisohn,* 34 NY2d 143). Petitioner's certificate sets forth educational and charitable purposes. Whether these are the principal or primary purposes of the petitioner is a factual question. The courts have consistently held that there must be a full development of the facts upon which the exemption is sought, and that a motion for summary judgment is not the proper method to resolve the issues. Special Term held that the certificate standing alone may not be conclusive as to whether the real property in question met the requirements of the statute, and that whether petitioner is so organized and conducted, and whether the real property is so used are questions to be determined at trial. We agree. Order affirmed, with costs. Sweeney, J. P., Staley, Jr., Larkin, Mikoll and Herlihy, JJ., concur.