In the Matter of RUDOLF STEINER EDUCATIONAL AND FARMING ASSOCIATION, INC., Respondent, v EDWARD J. BRENNAN, as Assessor of the Town of Hillsdale, et al., Appellants.—Appeal from a judgment of the Supreme Court in favor of petitioner, entered December 6, 1977 in Columbia County, upon a decision of the court at a Trial Term without a jury. The appellants, Assessor and Board of Review of the Town of Hillsdale, New York, appeal from a judgment in a proceeding pursuant to article 7 of the Real Property Tax Law which declared the 1976 tax assessment of a portion of petitioner's property to be invalid and illegal, struck it from the tax roll and declared the property exempt from taxation. Petitioner, organized under the Not-For-Profit Corporation Law of the State of New York, states its corporate purposes as follows in its certificate of incorporation: "THIRD: The purposes for which the Corporation is to be formed are: 1. To organize, establish and maintain a rural institution or institutions to afford recreational, vocational and educational opportunities and to develop practical trades and skills, combined with and related to instruction based upon pedagogical principles and methods of Rudolf Steiner; such institutions to be located on rural property and operated in close connection with a farm, so that farming and other trades and skills may be developed in connection with educational activities. 2. To apply and develop the Bio-Dynamic methods of agriculture, functioning in close co-operation with the Bio-Dynamic Farming and Gardening Association. 3. To encourage close co-operation with the Rudolf Steiner School, New York, a non-profit independent school presently located at 15 East 79th Street, New York, New York 10021; and to encourage participation by other Rudolf Steiner (or Waldorf) schools, particularly on the Eastern Seaboard, in the work and activities of this institution." The petitioner is exempt from New York State sales and use taxes

and Federal income taxes. After a trial without a jury, the court determined that petitioner was exempt from New York State real property taxes by virtue of section 421 of the Real Property Tax Law. On this appeal appellants claim that petitioner is neither organized nor conducted exclusively for educational purposes and that the real property is not used primarily for such purposes within the meaning of the statute. These arguments were all properly rejected in Trial Term. In order to qualify for an exemption a petitioner must satisfy two basic conditions: (1) the corporation or association seeking the exemption must be organized "exclusively" for one or a combination of the enumerated exempt purposes; (2) the property must be devoted "exclusively" to such use (Matter of Association of Bar of City of N. Y. v Lewisohn, 34 NY2d 143, 153). The term "exclusively", for the purposes of section 421, has been interpreted as "primarily" (Matter of American Bible Soc. v Lewisohn, 40 NY2d 78, 83). Section 421 of the Real Property Tax Law provides, in pertinent part, as follows: "Non-profit organizations 1. (a) Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, moral or mental improvement of men, women or children or cemetery purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section." The term "education" as used in this statute "refers to the development of faculties and powers and the expansion of knowledge by teaching, instruction or schooling" (Matter of Swedenborg Foundation v Lewisohn, 40 NY2d 87, 94). Thus, the mere communication of facts and ideas or the financial support of scholarly research by others, as in Swedenborg (supra), is insufficient to qualify an organization for an "educational" exemption. It also appears that some direct affiliation with a recognized educational institution or a devotion of a significant portion of its activities to an organized instructional program is required (supra, pp 94-95). Our review of this record leads us to conclude that the petitioner falls within the criteria for an educational exemption for real property tax purposes recently enunciated by the Court of Appeals in the Swedenborg case. We note that petitioner both devotes a significant portion of its activities to an organized instructional program and is directly affiliated with the Steiner School, licensed and accredited by the State of New York, and many other schools. The further contention of the appellants that the property which is the subject of this appeal is not being used primarily for educational activities is similarly without merit (see Order Minor Conventuals v Lee, 64 AD2d 227). A reading of the trial transcripts reveals that petitioner's use of the land in question as a self-sufficient farm is an integral part of the various educational activities conducted by petitioner and affiliated schools. The mere fact that some of the farm products are sold does not preclude the exemption (People ex rel. Watchtower Bible & Tract Soc. v Haring, 8 NY2d 350). Judgment affirmed, without costs. Kane, J. P., Main, Larkin, Mikoll and Herlihy, JJ., concur.