OPINION OF THE COURT
Harold J. Hughes, J.
This is a motion by respondent Board of Assessors of the Town of Claverack (board) for partial summary judgment dismissing so much of the petition as seeks a tax exemption for petitioner’s property pursuant to section 421 of the Real Property Tax Law. Petitioner Columbia County Mental Retardation Realty Company, Inc. (realty company) cross-moves for summary judgment. The motions arise in a proceeding under article 7 of the Real Property Tax Law to review a 1978-1979 tax assessment on real property owned by the petitioner realty company.
Petitioner was incorporated under the Not-For-Profit Corporation Law on December 31, 1975. Its certificate of incorporation, together with later amendments, states that it is organized exclusively to hold title to real and personal property utilized by the Columbia County Chapter of the New York State Association for Retarded Children, Inc. (Columbia chapter) and to collect income therefrom, turning all of such income, less expenses, over to an organization which is exempt under subdivision (a) of section 501 of the Internal Revenue Code. The realty company purchased land and buildings located in the Town of Claverack, Columbia County, on April 27, 1978, and entered into a lease dated May 3, 1978, leasing the premises to the Columbia chapter for a term of 10 years at an annual rent of $48,000, with title to the property to be conveyed to the New York State Association for Retarded Children, Inc. (NYSARC), at its option, at the completion of the term. The board proceeded to assess the property at $40,000 for 1978-1979 and the realty company presented a complaint seeking a reduced assessment due to claimed inequality and overevaluation, and a total exemption based on *11 illegality. The board rejected the illegality claim and the instant proceeding ensued.
The issue presented on this motion is whether a corporation formed under the Nof-For-Profit Corporation Law for the sole purpose of holding title to real and personal property and to lease same exclusively to a charitable corporation (which would qualify for a section 421 exemption) is entitled to an exemption under section 421 of the Real Property Tax Law. The board argues that the property in question must be owned by a corporation organized or conducted exclusively for the purposes set forth in section 421 to qualify for an exemption, and that a real estate holding corporation is not such an entity. The realty company contends that it qualifies for an exemption since it leases exclusively to the Columbia chapter of NYSARC, which would qualify for an exemption if it owned the property, and the realty company is "organized exclusively for the mental improvement of men, women and children” since it can only hold title to real property used by an exempt organization.
Section 421 provides an exemption for "[r]eal property owned by a corporation * * * organized or conducted exclusively for religious, charitable, hospital, educational, moral or mental improvement of men, women or children or cemetery purposes * * * and used exclusively for carrying out thereupon one or more of such purposes”. (Real Property Tax Law, § 421, subd 1, par [a]; emphasis added.) The statute establishes two criteria for an exemption, to wit: (1) ownership by a corporation formed exclusively for the purposes specified in section 421 and, (2) the property must be used primarily in furtherance of those purposes without pecuniary profit to any officer, member, or employee of the corporation, nor as a guise for profit-making operations (Matter of New York Cardiac Center v Kondzielaski, 46 AD2d 810, affd after remand 53 AD2d 671; Matter of Shrine of Our Lady of Martyrs of Auriesville v Board of Assessors of Town of Glen, 40 AD2d 75, affd 33 NY2d 713). The statute is to be strictly construed against the party seeking the exemption (Matter of Association of Bar of City of N. Y. v Lewisohn, 34 NY2d 143, 153). The requirement of technical legal ownership is strictly enforced (Young Israel of Far Rockaway v City of New York, 33 AD2d 561). It is the court’s opinion that petitioner realty company has failed to meet the first requirement that the property be owned by an organization formed exclusively for a *12 purpose specified in the statute. A strict construction of section 421 of the Real Property Tax Law simply does not permit a finding that a corporation formed exclusively to own and lease real estate, albeit solely to a charitable nonprofit lessee, is "organized or conducted exclusively for religious, charitable, hospital, educational, moral or mental improvement of men, women or children”.
The rule has been stated that "[a] provision exempting from taxation property 'owned’ by a specified body or institution is, under the generally applicable rule of strict construction of exemption provisions, held not to include property leased to and used by such a body for its exempt purposes, even though the lessor receives only a nominal rent for the lease of his property” (see Tax Exemption — Leased Property, Ann. 55 ALR3d 430, 442-443). More importantly, New York courts have refused to grant an exemption under a statute requiring ownership where legal title is held by a nonqualifying entity and the property is leased exclusively to a qualifying entity (Hebrew Free School Assn. of N. Y. v Mayor etc. of City of N. Y, 99 NY 488; People ex rel. National Commercial Bank & Trust Co. v Lewis, 179 Misc 140).
The attempt by the realty company to qualify for an exemption by linking its corporate status to that of its lessee has been rejected by the courts (Matter of Faculty-Student Assn, of Harpur Coll, v Dawson, 57 Mise 2d 112, 119; Plattsburgh State Teachers Coll. Benevolent & Educational Assn, v Barnard, 9 Mise 2d 897, 901). The realty company must bring itself within the statutory class on its own merits, and that requires an examination of its certificate of incorporation (with any amendments) along with other relevant information to determine if it was organized exclusively for a purpose set forth in the statute (Matter of Catskill Center for Conservation & Dev. v Voss, 63 AD2d 1091, 1092).
The sole corporate purpose of the realty company is to hold legal title to real and personal property used by the Columbia chapter of NYSARC, to collect rent therefrom and turn it over, less expenses, to an organization exempt under subdivision (a) of section 501 of the Internal Revenue Code. The lease reflects the realty company receives $48,000 per year (a substantial rent) for leasing the premises. In Matter of Bodell v Ghezzi (50 AD2d 674, 675), the Appellate Division for the Third Department stated, "The * * * lease of real property, without restriction, can only be considered a business purpose *13 and the fact that such activities have been approved by the Internal Revenue Service for tax exemption is not conclusive”. In Goodwill Club of Amsterdam, N. Y. v City of Amsterdam (31 Misc 2d 1096, 1099) the court states, "[t]he almost exclusive nature of the plaintiff is to rent and lease its property to others * * *. The meaning of the Tax Law is that if rents, profits or income are derived from the property no exemption may be claimed.” Moreover, the limited purpose of the realty company in holding legal title to property and leasing it to others would appear to make even the simplest charitable act on its part, such as giving instruction to a retarded child, an ultra vires act beyond its exclusive corporate purpose.
Ordinarily, summary judgment is not a proper method to resolve an issue of claimed exemption as a full development of the facts by trial is preferable (Matter of Catskill Center for Conservation & Dev. v Voss, supra, p 1092). However, it is incumbent upon one opposing summary judgment to present proof indicating a triable issue of fact (Connell v St. Mary’s Hosp. of Troy, 45 NY2d 944). In this case the opposing affidavit does not raise a triable issue in that it specifically agrees that the realty company’s sole purpose is to hold title to property used by the Columbia chapter and to lease to that organization.
In view of the foregoing, this court holds that a corporation formed exclusively to hold legal title to real estate and to lease same at a substantial rent to a lessee charitable corporation is not a corporation entitled to an exemption under section 421 of the Real Property Tax Law. Petitioner’s final argument that the Internal Revenue Service has granted it tax-exempt status is irrelevant to these proceedings (Matter of Swedenborg Foundation v Lewisohn, 40 NY2d 87, 95).
Respondent’s motion for partial summary judgment dismissing so much of the petition as seeks a tax exemption for petitioner’s property pursuant to section 421 of the Real Property Tax Law shall be granted, and the cross motion denied, all without costs.