■ UNIVERSITY AUXILIARY SERVICES AT ALBANY, INC., Appellant, v PENELOPE SMITH, as Assessor of the Town of Clifton Park, Respondent. (And One Other Proceeding.) — Appeals from judgments of the Supreme Court in favor of respondent, entered March 13, 1980 in Saratoga County, upon a decision of the court at a Trial Term, without a jury, which denied petitioner's applications, in proceedings pursuant to article 7 of the Real Property Tax Law, for tax exempt status for the year 1979. Petitioner is a not-for-profit corporation and the owner of 95 acres of land known as the "Mohawk Campus" located in the towns of Clifton Park and Halfmoon, Saratoga County. Its board of directors is composed of students, faculty and administrators of the State University of New York at Albany (SUNYA). It provides services to the SUNYA community, including the operation of the food service, book store and recreation facilities. The policy of petitioner is to limit use of the campus to students, alumni, faculty and employees of SUNYA. The property is divided into four parcels. Parcels number three and four are located in Halfmoon, number one is located in Clifton Park and the remaining parcel is situated in both towns. The Internal Revenue Service has ruled that petitioner is "exempt from federal income tax under provisions of section 101 (6) of the Internal Revenue Code, as it is shown that you are organized and operated exclusively for educational purposes." The instant proceedings were commenced pursuant to article 7 of the Real Property Tax Law to challenge the assessments levied by the two towns for the 1979 tax year. The court determined that the vacant portion of the land was not exempt because it

was not being used for exempt purposes and no development of it was planned and that the improved portion could not qualify because its primary use was recreational, not educational. This appeal ensued and petitioner urges reversal on the ground the land is exempt pursuant to section 421 (subd 1, par [a]) of the Real Property Tax Law. Section 421 (subd 1, par [a]) of the Real Property Tax Law, insofar as pertinent, provides: "Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, moral or mental improvement of men, women or children or cemetary purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation * * * or by another such corporation * * * as hereinafter provided shall be exempt from taxation as provided in this section." The term exclusive, as used in section 421, means principal or primary *(Matter of Association of Bar of City of N. Y. v Lewisohn,* 34 NY2d 143, 153). In order to be entitled to an exemption under the statute, petitioner must be organized primarily for one or more of the purposes enumerated in section 421; its property must be used primarily in furtherance of these purposes; and no pecuniary profit (beyond reasonable compensation) may inure to the benefit of any of its officers, members or employees, nor may it simply be used as a guise for profit making operations *(Matter of Mount Tremper Lutheran Camp v Board of Assessors of Town of Shandaken,* 70 AD2d 984). The trial court found that petitioner was organized primarily for educational purposes. From our examination of the record and specifically petitioner's amended certificate of incorporation, we agree with this finding. We are also of the view that petitioner does not offend the proscriptions concerning pecuniary profit. The issue thus narrows to a determination of the primary use of the property in question. In this regard, we note that the exemption is warranted where the primary use is necessary or fairly incidental to the maintenance of the purposes for which petitioner was organized *(Order Minor Conventuals v Lee,* 64 AD2d 227). Parcel number two is the only one on which any structures are located. Testimony at the trial indicates that one of the buildings is used for faculty workshops, conferences, seminars and meetings. Another is used to house student and nonstudent employees. A swimming pool is located adjacent to one of the buildings. Picnics and other recreational activities also take place on this parcel. We conclude that the primary use of parcel number two is reasonably incidental to petitioner's main educational purpose and, therefore, should have been granted tax exempt status (see *Matter of Steiner Educational & Farming Assn. v Brennan,* 65 AD2d 868, mot for lv to app den 46 NY2d 709; *Matter of American Mgt. Assns. v Assessor of Town of Madison,* 63 AD2d 1102, affd 47 NY2d 841; *Matter of Faculty-Student Assn. of State Univ. Coll. at Oswego v Sharkey,* 35 AD2d 161, affd 29 NY2d 621). The remaining three parcels are unimproved areas, some wooded areas and others swampy. The record reveals that these areas were used for hiking and skiing and that the swampy areas were visited by the SUNY biology department for examination of the plant life located thereon. In our opinion, these parcels are also being primarily used for purposes reasonably incidental to petitioner's main educational purpose and are entitled to exemption. In any event, much of the area of these parcels could be considered an integral part of the campus serving to preserve the character of the remaining property and, thus, entitled to exemption (see *Order Minor Conventuals v Lee, supra).* We have considered respondents' remaining arguments urging affirmance and find them unpersuasive. Accordingly, the judgments must be reversed. Judgments reversed, on the law and the facts, without costs, and judgments directed to be entered in favor of petitioner declaring the subject property exempt from real property taxation. Greenblott, J. P., Sweeney, Kane, Main and Mikoll, JJ., concur.