■ In the Matter of ASIA SOCIETY, INC., Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK, Appellant. — Order and judgment (one paper) of the Supreme Court, New York County (Shorter, J.), entered December 3, 1981, which denied defendant tax commission's motion for summary judgment and granted plaintiff's, the Asia Society, Inc., cross motion for summary judgment declaring plaintiff's properties exempt from real estate taxes for the 1980-1981 tax year, is reversed, on the law, without costs, the plaintiff's cross motion is denied, and the defendant's motion for summary judgment is granted. The judgment to be entered shall declare that plaintiff's real properties are not exempt from the real property taxes imposed by the City of New York. The Asia Society was established as a not-for-profit corporation in 1956 for the purpose of helping to bring the peoples of the United States and Asia closer together in their knowledge and understanding of each other. The certificate of incorporation authorizes Asia Society: "to provide a forum where distinguished visitors from Asia may meet with Americans for the exchange of ideas; to render general assistance to Asian visitors * * * and to sponsor programs for Asian students and otherwise to assist them as may be appropriate; to foster cultural interchange between the United States and Asia through the encouragement of significant projects which will increase mutual respect and appreciation * * * to promote greater knowledge of Asia in the United States through the encouragement of lectures, seminars and conferences relating to Asia; and to encourage the making available in the United States of authoritative books, articles, films and similar materials regarding Asia; to serve as a center of information concerning Asia". The society has received a tax exemption for its property located at 112-114 East 64th Street since its inception. In 1979, the society bought a new building at Park Avenue and 70th Street to house its activities (the East 64th Street property has been sold). The building on East 64th Street is six stories, with four floors of offices, a reception area, a small auditorium, a kitchen and a dining room. The new eight-story building holds five floors of offices, conference rooms, reception areas, a library, theatre, art gallery, book store and kitchen. In January, 1980, the society filed with the commission applications for a continuation of its tax exemptions. On March 5, 1980, the commission sent the society a letter informing it that it did not meet the requirements for a tax exemption and subsequently advised the society that it should request a full hearing before the commission if it wanted its exemption restored. The society elected not to follow this procedure and instead commenced this action. The complaint asserted that the society was organized and conducted exclusively for educational purposes; and engaged in the following activities: (a) presentation of lectures, films and slide shows on various subjects in the fields of the arts, humanities and social sciences; (b) conduct of teacher training seminars dealing with Asian subjects: (c) co-operative programs with school systems to develop Asia-related materials for the classroom; (d) organization of seminars dealing with trade, economics and finance in Asia; (e) co-operative programs with public television stations to develop presentations relating to Asia; (f) organization of Asian art exhibitions for display in its own galleries; (g) sponsorship of Asian performing artists for

performances in the greater New York area and across the country; and (h) conduct of other similar activities to educate Americans in the field of Asian cultures so as to promote a better understanding of Asian cultures and people. The society sought a declaration that the commission had acted without jurisdiction, in violation of law, and that the society was exempt from real property taxation. The commission and the society moved and cross-moved, respectively, for summary judgment. Special Term granted the society summary judgment holding that all of the society's activities were educational and that these activities conform to the definition of "educational" propounded in *Matter of Swedenborg Foundation v Lewisohn* (40 NY2d 87). This holding of Special Term was in error. The Real Property Tax Law provides that property owned by a corporation or association organized or conducted *exclusively* for educational purposes and used *exclusively* for carrying out those purposes shall be exempt from real property taxation (Real Property Tax Law, § 421, subd 1). "[E]xclusively" has been interpreted to mean " 'primarily' " (*Matter of Swedenborg Foundation v Lewisohn, supra,* at p 93). Special Term in its decision held that education meant " 'the development of faculties and powers of expansion *or* schooling' " (emphasis added). The Court of Appeals has decided otherwise however. "We think education, at least within the contemplation of subdivision 1 of section 421, refers to the development of faculties and powers and the expansion of knowledge by teaching, instruction or schooling. We distinguish the very much broader process of the communication of facts and ideas" (*Matter of Swedenborg Foundation v Lewisohn, supra,* at p 94). Summary judgment is generally not appropriate to determine whether an organization is entitled to a tax exemption since a trial is usually necessary to ascertain how the petitioner is organized and conducted (*Matter of Catskill Center for Conservation & Dev. v Voss,* 63 AD2d 1091). However, in this case there is no dispute as to what the society does. The facts as presented by the commission do not differ in any significant way from those asserted by the society. The only issue is a legal one, as to whether these activities are educational within the purview of the statute. The society is not chartered by the New York State Board of Regents nor registered with the Commissioner of Education. It conducts no classes and has no faculty. While it does hold lectures, conferences and seminars, these bring together professionals to discuss various issues relating to Asia, with minimal educational impact. There is no doubt that the society contributes to the "expansion of knowledge" and the "development of faculties and powers" but it does not accomplish these broad ends "by teaching, instruction or schooling", which is required by the law. (*Matter of Swedenborg Foundation v Lewisohn, supra,* p 94.) The plaintiff is not itself directly affiliated with any recognized educational institution nor does any significant portion of its activities form part of an organized instructional program. Rather, plaintiff is organized for the nonexempt purposes of promoting information about Asia and bringing together people doing business or interested in Asia. These activities, while publicly beneficial and arguably educational in a broad sense, do not constitute an educational use for tax exemption purposes under section 421 of the Real Property Tax Law. Concur — Ross, J. P., Asch, Milonas, Kassal and Alexander, JJ