■ GAY ALLIANCE OF GENESEE VALLEY, INC., Respondent, v CITY ASSESSOR OF CITY OF ROCHESTER, Appellant. [607 NYS2d 789] —Judgment modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court granted plaintiff's motion for summary judgment and ordered that plaintiff be granted a tax exemption

pursuant to Real Property Tax Law § 420-a (1) (a) for its community center located in the City of Rochester. Defendant contends that plaintiff failed to demonstrate entitlement to tax exempt status under any one of the discrete categories denoted in Real Property Tax Law § 420-a (1) (a). We disagree.

Real Property Tax Law § 420-a (1) (a) provides: "Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational or moral or mental improvement of men, women or children purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as herein-after provided shall be exempt from taxation as provided in this section." The Court of Appeals has held that section 420-a (1) (a) of the Real Property Tax Law "encompass[es] property used primarily for various and varied charitable and educational purposes and the moral and mental improvement of the citizenry" *(Symphony Space v Tishelman,* 60 NY2d 33, 37, citing *Mohonk Trust v Board of Assessors,* 47 NY2d 476, 484). The record establishes that plaintiff is a not-for-profit corporation and that its activities include a peer facilitation counseling program, a speakers bureau providing speakers to high school and university classes and other organizations and the publication of a monthly newspaper. Those activities are available free of charge to the general public. Based on those facts, we conclude that plaintiff corporation is "organized or conducted exclusively for * * * educational or moral or mental improvement of men, women, [and] children" and thus, that Supreme Court properly granted summary judgment ordering that plaintiff be granted tax exempt status.

Supreme Court erred, however, in awarding summary judgment on plaintiff's cause of action under 42 USC § 1983 for violating plaintiff's civil rights. Although defendant vigorously opposed plaintiff's application for tax exempt status, we conclude that its actions did not constitute a violation of plaintiff's civil rights. Thus, the cause of action alleging a violation of 42 USC § 1983 is dismissed and the court's award of attorney's fees pursuant to 42 USC § 1988 is vacated.

Finally, the court improvidently exercised its discretion in ordering a hearing to determine whether sanctions should be awarded under 22 NYCRR 130-1.1 (a). We conclude that sanctions are not warranted on this record.

All concur except Callahan, J. P., who dissents in part and votes to reverse in the following Memorandum.

Callahan, J. P. (dissenting in part). I agree that Supreme Court erred in awarding summary judgment on plaintiff's cause of action under 42 USC § 1983 for violating plaintiff's civil rights. I also concur that the award of attorney's fees pursuant to 42 USC § 1988 must be vacated and that sanctions under 22 NYCRR 130-1.1 (a) are not warranted. In my view, Supreme Court erred also when it granted plaintiff a tax exemption pursuant to Real Property Law § 420-a (1) (a).

Exemption status should be construed strictly against the taxpayer seeking the benefit of the exemption *(Symphony Space v Tishelman,* 60 NY2d 33, 36). Defendant contends that plaintiff does not qualify for an exemption because its activities do not fit into one of the applicable categories under Real Property Law § 420-a (1) (a), which are educational, charitable, or devoted to the moral or mental improvement of people. I agree. While plaintiff's purpose does encompass some educational types of activities such as sending speakers to various schools and organizations and publishing a monthly newsletter, those activities do not constitute an educational purpose that qualifies plaintiff for a tax exemption *(see, Swedenborg Found. v Lewisohn,* 40 NY2d 87, 94-95; *Matter of Asia Socy. v Tax Commn.,* 92 AD2d 781, 782). Although aspects of plaintiff's activities may loosely be characterized as charitable or for the improvement of men, women and children, such activities, either singly or in combination with other tax exempt purposes, are not the principal purpose of the plaintiff corporation. The primary purpose of plaintiff corporation is to eradicate homophobia in the Rochester area and to educate the general public about homosexuality and other related issues such as AIDS. "Commendable and beneficial as this purpose is, it does not qualify the [corporation] for exemption from real property taxation" *(Matter of Swedenborg Found. v Lewisohn, supra,* at 95). "[P]ublic benefit is not the test of qualification for exemption" *(Matter of Association of Bar v Lewisohn,* 34 NY2d 143, 155). Therefore, I vote to reverse the order appealed from in its entirety, deny plaintiff's motion and grant defendant's cross motion for summary judgment *(see, Matter of Asia Socy. v Tax Commn., supra).* (Appeal from Judgment of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Callahan, J. P., Pine, Fallon, Doerr and Davis, JJ.