Matter of Drug Policy Alliance v New York City Tax Commn. (2021 NY Slip Op 00523)





Matter of Drug Policy Alliance v New York City Tax Commn.


2021 NY Slip Op 00523


Decided on February 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 02, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Index No. 103827/12 Appeal No. 13008 Case No. 2019-2596 

[*1]In the Matter of Drug Policy Alliance, Petitioner-Respondent-Appellant,
v
New York City Tax Commission et al., Respondents-Appellants- Respondents. Nonprofit New York, Inc. and Lawyers Alliance for New York, Amicus Curiae


James E. Johnson, Corporation Council, New York (Paul John DeSena of counsel), for appellants-respondents.
Matthew Winston Milford, Brooklyn, and Fried, Frank, Harris, Shriver & Jacobson LLP, New York (William Josephson of counsel), for respondent-appellant.
Debevoise & Plimpton LLP, New York (Susan R. Gittes of counsel), for amicus curiae.



Order and judgment (one paper), Supreme Court, New York County (Paul Wooten, J.), entered January 8, 2019, which granted Drug Policy Alliance's petition brought pursuant to CPLR article 78 to annul the determination of the New York City Tax Commission (the City or the Tax Commission), dated September 28, 2012, denying petitioner a tax exemption pursuant to RPTL 420-a, ordered that the City grant the exemption, and referred the matter to a JHO/special referee to hear and determine the amount of the refund to which petitioner is entitled for paid real estate taxes, including pre- and post-judgment interest, unanimously modified, on the law, to the extent of vacating the order that the City grant petitioner a tax exemption and related rulings, but otherwise affirming the order annulling the determination denying the tax exemption and denying the motion to dismiss the petition, and the matter remanded for further administrative proceedings, without costs.
The court correctly granted the petition to the extent it sought an order to annul the final determination denying petitioner's appeal to the Tax Commission of the Department of Finance's denial of its application for a tax exemption pursuant to RPTL 420-a. That determination was improperly issued in violation of applicable regulations to the extent the Hearing Officer did not issue a decision following the hearing before the Tax Commission and the only determination issued was a final determination signed by the President of the Tax Commission, which usurped the mandate of the Hearing Officer to first render a decision based on the hearing evidence and vitiated petitioner's right to a review of the Hearing Officer's rulings. The matter is remanded to the Tax Commission for further administrative proceedings.
While the court correctly denied respondents' cross motion to dismiss the petition, it erred, at this stage of the proceeding, in granting the petition to the extent of directing respondents to award petitioner the requested tax exemption. Although respondents assert that they had a rational basis for finding that the relevant record does not establish that petitioner was then, as claimed on its application, an educational organization eligible for the tax exemption (see Gay Alliance of Genesee Val. v City Assessor of City of Rochester , 201 AD2d 887 [4th Dept 1994]), petitioner adequately states a claim that the denial was not based on that rational basis, but was a content-based denial of free speech and equal protection in violation of the Constitutions of New York and the United States, given the allegation that respondents have granted RPTL 420-a exemptions to other organizations indistinguishable from petitioner in any relevant way apart from the content of their advocacy. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2021