## In re WISE.

(Supreme Court, Appellate Division, First Department.　May 5, 1916.)

**1. ATTORNEY AND CLIENT ⬡═149—CONTINGENT FEE—CONSTRUCTION OF CONTRACT—AMOUNT OF FEE.**

Where an attorney undertook the defense of an action under an agreement for a contingent fee, and was unsuccessful at the trial, the fact that a final judgment favorable to defendant was ordered by the Appellate Division upon the evidence taken at the trial does not make the judgment any less a result of the trial, and he is entitled to receive the amount stipulated for a successful outcome of the suit.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 351–357; Dec. Dig. ⬡═149.]

**2. ATTORNEY AND CLIENT ⬡═143—FEES—CONTRACTS FOR COMPENSATION—VALIDITY.**

Where a written agreement between an attorney and client provided for a fee contingent upon the outcome of the action, but contained no provision that the attorney should prosecute an appeal, although if he had been content to go on with the appeal without further agreement as to compensation, he would have been limited to the stipulated sum, a further oral agreement to prosecute the appeal on the basis of quantum meruit, consideration being found in the fact that he was not obligated to proceed with the appeal, was valid.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 328–331; Dec. Dig. ⬡═143.]

Appeal from Special Term, New York County.

Petition by John S. Wise, Jr., attorney at law, to fix the fee due from Mary Clementine Smedley. From an order fixing the fee, the petitioner appeals. Order modified, in accordance with opinion, and affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, and SMITH, JJ.

Harry B. Bradbury, of New York City, for appellant.
Dallas Flannagan, of New York City, for respondent.

SCOTT, J.　This is a summary proceeding brought by an attorney to fix the amount due to him from a client, one Mary Clementine Smedley. Miss Smedley had occupied for some years the relation of nurse and companion to an old gentleman named Hiram H. Lamport, who bequeathed to her by his will a portion of his estate estimated to be of the value of about $30,000. This will was attacked by the relatives of Lamport, and was held to have been induced by fraud and undue influence on the part of Miss Smedley, and therefore void.

Lamport had also given to Miss Smedley, during his lifetime, certain securities and property which ultimately proved to be worth about $50,000, and, after the determination of the will controversy, his relatives, through the administrator of his estate, brought suit against Miss Smedley to recover from her the property thus given to her, upon the ground that she had procured these gifts to be made by fraud and undue influence. In view of the outcome of the litigation over the will, Miss Smedley's prospects of successfully defending the suit

⬡═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

against her appeared anything but bright, and the difficulties before her were enhanced by the fact that she had little or no money to expend on litigation.

In this extremity she applied to the petitioner, one of the younger members of the bar, who undertook the defense of the action for a small cash fee, with the promise of a large fee in case of success. At Miss Smedley's request the petitioner on May 27, 1910, wrote her the following letter defining the terms upon which he would undertake to represent her:

"Miss Matilda Smedley, after making arrangements with us, requested us to write a contract expressing terms of our employment. That we may have definite memorandum on the terms of our employment, we would like you to confirm this letter. Our understanding with your sister was that we should have a retainer of $250, for which we would try the pending case between the representatives of Hiram H. Lamport, deceased, as plaintiffs, and yourselves and others, defendants. Understanding you are without means, we agreed to make our compensation contingent upon the result of this trial, and, if we are successful, we are to be paid an additional sum of $5,000."

Miss Smedley replied, in writing, that this agreement was satisfactory to her, and it thus became the contract between the parties. The action was tried at Special Term, and resulted in a judgment against Miss Smedley, who thus stood to lose all that had been given her by Mr. Lamport and substantially everything she had in the world. Her only chance to save anything was through an appeal, and after the decision against her on the facts this chance seemed even less hopeful than had been her chance in the first instance to successfully defend the action. To prosecute such an appeal would involve considerable expense, which Miss Smedley had no means of meeting, and which the petitioner was not inclined to advance, nor under any obligation to do so.

Finally certain friends of Miss Smedley undertook to raise the money necessary for actual disbursements and petitioner undertook to prosecute the appeal. This he did with such success that not only was the judgment reversed by this court, but an affirmative judgment was ordered in Miss Smedley's favor, dismissing the complaint, and this order was affirmed by the Court of Appeals. Thus Miss Smedley was confirmed in the ownership and possession of property valued at about $50,000, her right to retain which had been gravely threatened. When the time came to agree upon petitioner's compensation for these valuable services the parties were unable to agree, and this proceeding resulted. As not infrequently happens, the client was far more liberal in her promise when success appeared to be doubtful than she was when success had been assured and time came for the fulfillment of her promise.

Both parties now seek to ignore the letter of May 27, 1910, above quoted. Petitioner claims that after the unsuccessful outcome of the trial, and when the question of an appeal was taken up, it was mutually agreed, orally, that the agreement for a contingent fee of $5,000 should be abrogated, and that in case the appeal resulted successfully he should be paid the fair value of all his services, including as well the trial and the preparation therefor as the agreement of the appeals, and

it is upon this theory that he tried this case and has been awarded
a fee.

The respondent's contention is that the agreement for the con-
tingent fee of $5,000 related only to the trial of the cause at Special
Term, and that when that trial resulted unsuccessfully petitioner's claim
to the $5,000 disappeared, and that all he is entitled to is the $250 for
which he agreed to try the case, and which was paid him. She con-
cedes that petitioner is entitled to a reasonable fee for arguing the
appeals, but insists that he is entitled to no more.

[1] We are unable to agree wholly with either of these claims. In
our opinion Miss Smedley's ultimate success on appeal was very dis-
tinctly the result of the trial, for it was upon the case made at the
trial and the evidence which petitioner was able to find and produce
that judgment finally went in Miss Smedley's favor. The fact that
the final judgment was ordered by this court, upon the evidence taken
at the trial, instead of being ordered by the Special Term, does not
make the final favorable judgment any the less a result of the trial.
We think, therefore, that petitioner fairly earned the $5,000 stipulated
for in the written agreement.

[2] If the petitioner had been content to go on with the appeal with-
out any further agreement as to his compensation, and had succeeded,
he would have been limited to the stipulated sum. There was noth-
ing in the written contract, however, which required him to prosecute
an appeal, and his client could not reasonably have complained if he
had refused to do so. We are of the opinion, from the evidence, that
a new agreement was made for petitioner's compensation for arguing
the appeals, and a consideration for such an agreement is to be found
in the fact that petitioner was not obligated to proceed with the appeal
unless he was willing to do so. We are not convinced, however, that
the new agreement went quite so far as petitioner claims. He says
that he stipulated as a condition of prosecuting the appeal that, in
case of success, he should be paid on the basis of a quantum meruit
for all services rendered in the cause. We do not doubt that it was
plaintiff's intention so to stipulate, but it takes at least two to make
a contract, and we are not at all satisfied that Miss Smedley understood
the agreement in this way, or consented to it. If petitioner desired to
so radically change the existing agreement between himself and his
client, he should have taken pains to see that the new contract was
clearly expressed and agreed to. In our opinion, what Miss Smedley
intended to agree to, and understood that she did agree to, was that
petitioner should be paid the reasonable value of his services for argu-
ing the appeals, leaving the contingent agreement for $5,000 in case
of ultimate success unrevoked and unaffected. On this theory peti-
tioner would be entitled to the $5,000 stipulated in case of success in
the written contract, and a reasonable fee for arguing the appeals
in this court and the Court of Appeals, and this we think would pro-
duce a fair and just result.

Only one of the expert witnesses segregated petitioner's services
and placed a separate valuation upon those rendered on the appeals.
He is a well-known lawyer of wide experience, and the respondent does
not question his valuations. He placed the value of petitioner's serv-

ices on the appeal to this court at from $1,500 to $2,000, and on the appeal to the Court of Appeals at from $2,000 to $2,500. Under all the circumstances, we think the larger of these estimates should be adopted, especially as Miss Smedley would not have realized anything but for the skill and industry exhibited by the petitioner. The result is that the petitioner's compensation for services in the principal case will be reduced to and fixed at $9,500. The only other item of petitioner's charges which is questioned on this appeal is the payment of the sum of $500 to an office associate to testify as an expert witness to the value of the services of a lawyer who sued Miss Smedley for work done in the probate proceeding. The retainer of this expert was authorized by Miss Smedley, but she was not consulted as to the compensation to be paid him. The fee paid him is obviously much too high, and is reduced to $150, which sum is allowed to the petitioner on that item.

The final order appealed from will be modified in accordance with the views expressed in this opinion, and, as modified, will be affirmed, without costs to either party in this court. Order to be settled on notice, and at the same time any necessary modification of the findings may be submitted. All concur.

---

METROPOLITAN TRUST CO. OF CITY OF NEW YORK v. STATE BOARD OF TAX COM'RS et al.

(Supreme Court, Appellate Division, First Department. May 5, 1916.)

TAXATION ⬳75—SUPPLEMENTAL MORTGAGES—STATUTE.

> [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 275; Dec. Dig. ⬳75.]