■ INDEPENDENT CHURCH OF THE REALIZATION OF THE WORD OF GOD, INC., Respondent-Appellant, v BOARD OF ASSESSORS OF NASSAU COUNTY, Appellant-Respondent. — In a declaratory judgment action, the parties cross-appeal from a judgment of the Supreme Court, Nassau County, entered August 27, 1980, which, after a nonjury trial, (1) decreed that plaintiff is a religious corporation, and (2) directed defendant to review plaintiff's application to determine the extent to which its property is entitled to an exemption from real property taxes. Judgment modified, on the law and the facts, by (1) adding to the first decretal paragraph thereof, after the word "corporation", the following: "organized or conducted for religious and educational purposes" and (2) adding as a third decretal paragraph thereof the following: "It is declared that the portions of the plaintiff's property used for religious and educational purposes are exempt from real property taxes, and that those portions of the property used for health care, i.e., the treatment rooms, 'biofeedback' room, X-ray room, developing room, doctor's office, herb room, reception center for the Wholistic Health Center, office of the director of the Wholistic Health Center, and a 'ministerial' counseling room at the corner of the building used for counseling members of the public, and patients of the Wholistic Health Center, are not exempt from real property taxes pursuant to section 421 of the Real Property Tax Law." As so modified, judgment affirmed, without costs or disbursements. Plaintiff, the Independent Church of the Realization of the Word of God, Inc., was organized in June, 1974 pursuant to article 8 of the Religious Corporations Law. In its certificate of incorporation plaintiff stated that it was "organized exclusively for charitable and religious purposes". Its constitution and by-laws created a "Commission on Education" to set up an educational program. In 1977 plaintiff purchased the property in question and applied for a real property tax exemption pursuant to section 421 of the Real Property Tax Law. In its application plaintiff asserted that it was a corporation "organized and conducted exclusively for religious purposes." Plaintiff further claimed that the property in question "is used exclusively for religious and educational purposes in that it is intended to be used as a school and an institute for physical, moral and spiritual advancement." On July 17, 1978 defendant, the Board of Assessors of Nassau County, denied plaintiff's request for a real property tax exemption, because "applicant does not appear to be organized exclusively for the purposes outlined in Section 421 of the Real Property Tax Law." Thereafter, plaintiff commenced the instant action for a declaratory judgment. At the trial, plaintiff submitted evidence that the building in question was used in part as a school of philosophy and physical education. The school classrooms were also used for religious purposes, primarily on Sunday. However, another portion of the building, known as the "Wholistic Health Center" was used to provide conventional and nonconventional forms of health care to congregants of the church and to members of the public. Plaintiff contends that health care is an important part of its religious practices. Plaintiff advertised its educational and health care services in the yellow pages to nonadherents of plaintiff's religious principles.

At the Wholistic Health Center, Dr. William Rice, a licensed chiropractor, treated private patients who were not connected with the church. In addition, Dr. Neil Moscowitz, who practiced acupuncture, treated patients unconnected with the church, and received income from those patients which was taxable to him individually. Plaintiff also provided marriage counseling to adherents and nonadherents of the faith, and advertised those services in the yellow pages to members of the public at large. Based upon that evidence, the trial court concluded that plaintiff was a religious corporation, entitled to a partial real estate tax exemption for those portions of the property that were used for religious purposes. Property owned by a nonprofit organization may be deemed exempt pursuant to section 421 of the Real Property Tax Law if the organization is organized or conducted exclusively for one or more exempt purposes (e.g., religious, educational, or charitable), and if the property is used exclusively to carry out one or more of the organization's exempt purposes (see *Matter of Mary Immaculate School of Eagle Park v Wilson,* 73 AD2d 969). Since an organization may be exempt if it is "organized or conducted" for an exempt purpose or purposes, one must look to both its organizational documents and activities to determine the purpose of the organization (see *Mohonk Trust v Board of Assessors of Town of Gardiner,* 47 NY2d 476, 483, 484). Further, the term "exclusive" used in section 421 of the Real Property Tax Law means "primary", "principal" or "dominant" (see *Matter of Association of Bar of City of N.Y. v Lewisohn,* 34 NY2d 143, 153; *Matter of American Mgt. Assns. v Assessor of Town of Madison,* 63 AD2d 1102, affd 47 NY2d 841 on the mem at the App Div; *Matter of Holy Spirit Assn. for Unification of World Christianity v Tax Comm. of City of N.Y.,* 62 AD2d 188, 197). From the evidence adduced at the trial we conclude that plaintiff is an organization organized or conducted primarily for religious and educational purposes. The term education, used in subdivision 1 of section 421, means "the development of faculties and powers and the expansion of knowledge by teaching, instruction or schooling" (see *Matter of Swedenborg Foundation v Lewisohn,* 40 NY2d 87, 94). The term includes physical education (see *Matter of Syracuse Univ.,* 59 Misc 2d 684, 688). Therefore, that portion of the building in question which is used as a school of philosophy and physical education, as well as that portion used for religious purposes, should be deemed exempt. However, plaintiff should only be granted a partial exemption. That portion of the building used to provide health care and marriage counseling is not used for an exempt purpose within the meaning of subdivision 1 of section 421 of the Real Property Tax Law. Although plaintiff contends that the health care provided has religious significance, and therefore is incidental to its religious functions, it was established at the trial that those services were advertised and open to nonadherents of plaintiff's religious principles (cf. *Shrine of Our Lady of Martyrs of Auriesville v Board of Assessors of Town of Glen,* 40 AD2d 75; *Greater N.Y. Corp. of Seventh-Day Adventists v Town of Dover,* 29 AD2d 861, app dsmd 23 NY2d 682). Further, there is evidence that third parties received pecuniary profit from the use (see *Matter of Genesee Hosp. v Wagner,* 47 AD2d 37, affd 39 NY2d 863; *Matter of Butterfield Mem. Hosp. Assn. v Town of Philipstown,* 48 AD2d 289). Therefore, those uses cannot be deemed incidental to plaintiff's exempt activities. Consequently, plaintiff should be denied an exemption with respect to the treatment rooms, "biofeedback" room, X-ray room, developing room, doctor's office, herb room, reception center for the Wholistic Health Center, office of the director of the Wholistic Health Center, and a "ministerial" counseling room at the corner of the building, used for counseling members of the

public and patients of the Wholistic Health Center. With respect to the remainder of the building, the board of assessors should determine what portions are used for plaintiff's exempt activities. Margett, J. P., O'Connor, Weinstein and Thompson, JJ., concur.