■ In the Matter of HIGHLAND LAKE BIBLE CONFERENCE, INC., Appellant, v BOARD OF ASSESSORS OF THE TOWN OF HIGHLAND et al., Respondents. — Appeal from a judgment of the Supreme Court at Trial Term (Williams, J.), entered September 23, 1981 in Sullivan County without a jury, which denied petitioner's application, in a proceeding pursuant to article 7 of the Real Property Tax Law, for review of tax assessments on petitioner's real property. Until the 1979-1980 taxable year, petitioner enjoyed a religious tax exemption, under subdivision 1 of section 421 of the Real Property Tax Law, on its 56 acres of land located in the respondents' town and school district. For that taxable year, and for the year following (1980-1981), this exemption was eliminated by resolutions passed on April 3, 1979 by respondents. Petitioner's real property was returned to the tax rolls upon the grounds that petitioner (1) is not organized or conducted exclusively for religious purposes, but (2) is organized or conducted exclusively for Bible, tract or missionary purposes and its property is used exclusively for carrying out thereupon such purposes (see *Matter of Watchtower Bible & Tract Soc. of N. Y. v Lewisohn*, 35 NY2d 92, 97). The resolutions subjecting such property to taxation were adopted by respondents, after a public hearing, pursuant to section 421 (subd 1, par [b]) of the Real Property Tax Law, as amended by the Laws of 1971 (ch 414, § 2) (eff Jan. 1, 1972). This statute provides for a "qualified" exemption, as distinguished from an "unqualified" exemption provided for by section 421 (subd 1, par [a]) (*Matter of American Bible Soc. v Lewisohn*, 40 NY2d 78, 84). Therefore, pursuant to this statutory scheme, if petitioner is not a corporation conducted exclusively for religious purposes or for the moral or mental improvement of men, women or children, with its real property being used exclusively for carrying out such purpose or purposes, but rather is a corporation which is organized or conducted exclusively for Bible, tract or missionary purposes, its land would properly be taxable under the resolutions. The word "exclusively" has been interpreted to mean "principally" or "primarily" (*Mohonk Trust v Board of Assessors of Town of Gardiner*, 47 NY2d 476, 483). Physically, petitioner's land contains various buildings, including a staff building, Bible bookstore, snack shop, dining hall, gymnasium, residence and meeting hall. During the summer months primarily, these facilities were leased to various religious groups, comprised of 30 to 40 individuals, who would attend midweek and weekend conferences that included Christian worship and hymn singing. Speakers delivered lectures on various aspects of the Bible. Bible teaching was conducted in almost all of the conferences. Although petitioner is not formally associated with any organized religious denomination, it occasionally sponsored such conferences itself. The recreational facilities and activities were used and enjoyed by the conferees incident to the conferences. Petitioner's certificate of incorporation, filed in 1944 under the Membership Corporation Law, sets forth its corporate purposes as follows: "[T]o associate its members and all interested persons for the promotion of Bible study and missions, and to study and propagate the Word of God as set forth in the Holy Scriptures, and to that end to acquire the necessary real estate either by purchase or lease with which to carry on such activities". Petitioner's doctrinal statement, to which some of the groups who use the facility ascribe, includes belief in the teachings of the Trinity, the burial and resurrection of Christ, the

atoning blood and imminent return of Christ, the second coming, and the forgiveness of sin through the blood of Christ, all of which are common to most Christian religious groups. Special Term held that petitioner was not associated with an organized religion or established for the purpose of furthering a recognized religion, but rather was founded for the purpose of Bible study. Accordingly, petitioner's tax assessments were sustained and petitioner's applications for review were dismissed. We agree with the determination of Special Term. There can be little doubt that petitioner's very name, Highland Lake Bible Conference, Inc., as well as a fair reading of the corporate purposes set forth in its certificate of incorporation, compel the conclusion that the principal purpose of petitioner is to promote Bible study and "propagate the Word of God *as set forth in the Holy Scriptures*" (emphasis added). Petitioner's doctrinal statement is but an expression of beliefs held by most Christians, and there has been no showing of how petitioner itself advances these tenets as part of its own corporate purpose. Furthermore, petitioner is not directly associated with an organized religious denomination or with an organization having as its avowed purpose the furtherance of a recognized religion, a major test in determining entitlement to the unqualified religious tax exemption (see *Matter of Swedenborg Foundation v Lewisohn,* 40 NY2d 87, 93-94). Petitioner is concededly "non-denominational", and it has no congregation. It has no organizational structure of trained ministers or other officials who regularly advance the tenets set forth in the doctrinal statement. Indeed, petitioner's corporate structure is limited to a board of directors, roughly 15 in number, who attend independent churches with which petitioner has no affiliation. It must be concluded, therefore, that the primary purpose of petitioner's incorporation is not religious. Nor can it be concluded that petitioner was organized and is being conducted exclusively for educational purposes. Petitioner is not affiliated with any recognized educational institution, nor does any significant portion of its activities form part of an organized instructional program. It is not an educational institution chartered by the Board of Regents, nor is it so classified by the State Department of Education. The biblical education that it provides is the general dissemination of ideas and information relating to the Bible. Loosely, petitioner's activities may be classified as charitable or for the moral or mental improvement of men, women or children, but such incidental objectives are not its principal or primary purpose sufficient to qualify it for tax exemption. The fact that petitioner has received favorable determinations from the United States Department of the Treasury as to its exempt status for other tax purposes is not significant (see *Matter of Association of Bar of City of N. Y. v Lewisohn,* 34 NY2d 143, 154). This analysis of the factors required to be considered leads to the conclusion that petitioner is not entitled to exemption from taxation under section 421 (subd 1, par [a]) of the Real Property Tax Law (see *Matter of Swedenborg Foundation v Lewisohn, supra,* pp 94-95). Respondents have proven that petitioner is organized principally for Bible and tract study purposes and not for religious purposes sufficiently to support the determination of Trial Term that the adoption of the resolutions by respondents providing that petitioner's property is taxable under section 421 (subd 1, par [b]) of the Real Property Tax Law should be sustained (see *Matter of Watchtower Bible & Tract Soc. of N. Y. v Lewisohn, supra,* p 97). The other points, including the constitutional arguments raised by petitioner, have been examined and found to be without merit. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.