■ Josephine Vitale, as Administratrix of the Estate of Albert Vitale, Deceased, Respondent, v David La Cour et al., Defendants, and Amideo N. Guzzone, Appellant. — In a wrongful death action, the appeal is from so much of an order of the Supreme Court, Suffolk County (Orgera, J.), dated July 8, 1982, as denied the motion of Amideo Nicholas Guzzone, plaintiff's former attorney, to have his fee fixed for legal services rendered to plaintiff and failed to grant reimbursement of expenses incurred and disbursements made by him in connection with this action. Order affirmed, insofar as it denied appellant a legal fee, without costs or disbursements, and matter remitted to the Supreme Court, Suffolk County, for consideration of appellant's claim for reimbursement of expenses and disbursements. Appellant represented the plaintiff in a wrongful death action pursuant to a contingent fee retainer agreement. The trial of that action resulted in a jury verdict in favor of the defendants. The

plaintiff retained her present attorneys to argue an appeal from the judgment entered upon the jury's verdict. Appellant asserts that he is entitled to a fee based on *quantum meruit* because plaintiff dismissed him without cause. The retainer agreement provided that appellant would be entitled to a fee only if there was a settlement or verdict in favor of plaintiff. The retainer agreement made no reference to appeal and the plaintiff argues, and Special Term held, that she did not dismiss appellant, because the retainer agreement terminated when the defendants entered judgment on the jury verdict. "[A]n agreement between a client and his attorney will be construed most favorably for the client" (*Greenberg v Bar Steel Constr. Corp.*, 22 NY2d 210, 213). In addition, appellant would not have been required to prosecute the appeal (*Matter of Wise* [*Smedley*], 172 App Div 491), and procedurally the attorney-client relationship terminates following trial as a client may retain a new attorney to prosecute an appeal without obtaining an order of substitution (*Hendry v Hilton*, 283 App Div 168). Appellant, therefore, is not entitled to a fee under the retainer agreement. However, Special Term's order made no reference to appellant's request for reimbursement of expenses and disbursements he incurred in connection with plaintiff's lawsuit. Accordingly, the matter is remitted to Special Term for such determination. Mollen, P. J., Damiani, Thompson and Gulotta, JJ., concur.