■ GREGORY POULOS et al., Respondents, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant.

Judgment, Supreme Court, New York County (Carroll A. Walsh, Jr., J.), entered on October 5, 1982, modified, on the law and the facts, to the extent of reversing the judgment in favor of plaintiff Gregory Poulos and a new trial ordered on the issue of damages for pain and suffering and future medical and related expenses and the judgment is otherwise affirmed, without costs and without disbursements, unless plaintiff Gregory Poulos, within 20 days after service upon his attorney of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the jury's total verdict from $5,000,000 to $3,750,000, $1,000,000 of which is for pain and suffering, $2,100,000 for future medical and related expenses and $650,000 for future loss of earnings, which total verdict, as reduced, to be apportioned in accordance with the jury's findings as to comparative negligence, and to the entry of an amended judgment in accordance therewith. If plaintiff Gregory Poulos so stipulates, the judgment, as so amended and reduced, is affirmed, without costs and without disbursements. After review of the record, the damages appear to us to be excessive to the extent indicated. Concur — Sandler, J. P., Fein and Alexander, JJ.

Silverman and Bloom, JJ., dissent in a memorandum by Bloom, J., as follows: Plaintiff, a 16 year old, was grievously injured as the result of a collision between an unregistered and uninsured motorcycle operated by him and an emergency medical service ambulance owned and operated by the New York City Health and Hospitals Corp. The emergency ambulance was proceeding north on Madison Avenue. Its red lights were flashing and its siren wailing. As the ambulance came to the intersection of 84th Street the motorcycle, which was proceeding east, entered the intersection. The right side front of the ambulance made contact with the rear of the motorcycle. Both the operator and his passenger were thrown from the motorcycle. The speed of the respective vehicles and the condition of the traffic lights are in sharp dispute. As a result of the accident plaintiff was rendered a paraplegic. The jury rendered a total verdict in favor of plaintiff in the sum of $5,000,000. The total verdict in favor of plaintiff's parents was in the sum of $45,100. Negligence was apportioned 52.5% against Health and Hospitals Corporation and 47.5% to plaintiff. We are here concerned only with the size of the verdict rendered in favor of plaintiff. Without in any way denigrating the gravity of the injury suffered by him we are of the opinion that the verdict in his favor cannot be permitted to stand. We are of the opinion that, even as reduced by the majority, the verdict is grossly excessive. While we have no quarrel with the finding of negligence and the apportionment, we think that the exhibition of the film showing plaintiff's capacity at the age of 11 as a stuntman, a career to which he aspired, was calculated to prejudice the jury. When coupled with the projections made by plaintiff's economist and the allowance for pain and suffering, the result was a verdict which event as reduced should not be permitted to stand. Accordingly, we would reverse the judgment and remand for a new trial on the issue of damages only.