■ Gair, Gair & Conason, P. C., as Successor to Gair, Gair & Conason, Respondent, v Norman Stier et al., Appellants.—Order of the Supreme Court, New York County (Alfred Ascione, J.), entered March 29, 1985, which, *inter alia,* granted plaintiff's motion for summary judgment on its first cause of action, dismissed all of defendants' counterclaims, and denied defendants' cross motion for summary judgment, is affirmed, with costs.

The facts are set forth in the dissent. We do not agree that the stipulation is ambiguous as to whether the cost of appellate counsel was intended to be absorbed proportionately by outgoing counsel under the rubric of "legal costs". As stated in *Matter of O'Brien* (28 AD2d 1040): "The abundantly clear and long-recognized distinction between costs and counsel fees requires no discussion." That a blurring of this distinction is warranted here because the word "costs" was used in a fee-sharing agreement to describe a continuing obligation of outgoing counsel, and not, as is usually the case, to describe the obligation of a losing party to pay the victorious party certain statutorily fixed amounts upon entry of judgment (CPLR arts 81, 82), is an untenable suggestion insufficient to raise a triable issue of fact. At the time they entered into the stipulation, the parties were facing each other as incoming and outgoing attorneys. The underlying personal injury action

was questionable on liability and strong on damages. Defendants acknowledge that an appeal was to be anticipated, and that, as incoming attorneys working under a preexisting contingent fee retainer, they were undertaking to provide all services necessary to collect the judgment, including appellate services, at no additional cost to the client. Once substituted, it was defendants who were to be solely responsible for furnishing these services, except as might have otherwise been provided in the stipulation. Against this background, we cannot accept that the parties to the stipulation were mindful enough to specify the costs of "investigation", "prosecution", and "trial" as deductible items, and at the same time heedless enough to omit any reference to the cost of an appeal. Concur —Carro, Kassal, Ellerin and Wallach, JJ.

Kupferman, J. P., dissents in a memorandum as follows: The plaintiff-respondent law firm was superseded in a personal injury action by the law firm of the defendants-appellants. A stipulation was entered into giving the plaintiff a lien to the extent of 37½% of "the net attorneys fees received by way of suit, settlement or otherwise. The net attorneys fee shall be computed after deducting all legal costs, disbursements and expenses incurred in the investigation, prosecution, trial or such other preparation of this law suit as are just, necessary and reasonable."

After a jury trial, there was a verdict in the sum of $5,000,000, which was reduced by comparative negligence to $2,700,000. On appeal, this court reduced the verdict to $3,750,000, resulting in a net verdict of $2,165,000. (See, Poulos v City of New York, 99 AD2d 709.) Two Judges, in dissent, stated (p 710) that the verdict, as reduced, was "grossly excessive."

The net counsel fee was $716,297, which was to be divided between the plaintiff and the defendants and an attorney who referred the matter to the plaintiff.

The only issue, and the one on which summary judgment was granted to the plaintiff, was whether prior to the division of counsel fees there should be a deduction for an amount paid to appellate counsel. There is no dispute as to the amount paid to appellate counsel. Obviously, there could not be because the plaintiff, when approached to act as appellate counsel, requested a similar fee. Further, the result obtained was certainly satisfactory.

The issue is as to the allocation of the cost of appellate counsel, the plaintiff contending that it should be taken out of

the defendant law firm's share and the defendants contending it should be deducted prior to any division.

I would modify and remand the matter for trial as to the meaning of the stipulation.

Normally, counsel would not have been required to prosecute the appeal. *(See, Matter of Wise,* 172 App Div 491.) This is not the usual attorney-client relationship. The plaintiff law firm was intended to share in the net proceeds received in the suit "or otherwise." The ultimate result came from the appellate ruling. The meaning of "legal costs" first to be deducted before computing net attorney's fees is not clear and is not to be interpreted in favor of the plaintiff, as it might otherwise be if the plaintiff were the client . *(Vitale v La Cour,* 92 AD2d 892, 893.) Without competent appellate protection, there might very well not have been any legal fee to compute. If the plaintiff is right in its contention, its share of the fee would be larger than that of the defendants who actually tried the case, an inequitable result.