■ In the Matter of FOUNDATION FOR "A COURSE IN MIRACLES", INC., Appellant, v ROBERT J. THEADORE, as Chairman of the Town of Fremont Board of Assessors, et al., Respondents. —Casey, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered February 5, 1990 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request for a real property tax exemption.

We hold that petitioner's property is entitled to the mandatory tax exemption provided for in RPTL 420-a (1) (a) because petitioner is a corporation organized exclusively for religious purposes within the meaning of the statute, despite the fact that petitioner has no relation with an organized religious denomination and does not seek to further any particular recognized religious sect or denomination. Supreme Court's judgment dismissing the petition should, therefore, be reversed.

Petitioner is a not-for-profit corporation formed in 1983. According to its certificate of incorporation, petitioner was formed for the following purposes: "To foster spiritual development through the study and practice of A Course in Miracles,

a set of three books, channeled from Jesus, that teach that the way to remember God is by undoing guilt through forgiving others. The corporation has as its specific aims to teach the Course, helping those interested to integrate the Course's principles into their personal lives, that they may better realize their true identity, shared with all people, as children of God; to teach and train those who wish to teach the Course to others; to teach the Course's reinterpretation of traditional Christian principle such as sin, suffering, forgiveness, Atonement, and the meaning of the Crucifixion; to further understanding of the Course by means of educational and training programs, workshops, seminars and publications."

It is undisputed that petitioner is not affiliated with any organized religious denomination and does not seek to further any particular recognized religious sect or denomination, factors which we have described as "a major test in determining entitlement to the unqualified religious tax exemption" *(Matter of Highland Lake Bible Conference v Board of Assessors,* 92 AD2d 655, 656, *lv denied* 59 NY2d 604). We have held, however, that an organization is still eligible for exemption even though it is not a part of a recognized sect or denominational church *(Gospel Volunteers v Village of Speculator,* 33 AD2d 407, 411, *affd* 29 NY2d 622). And in *Matter of Swedenborg Found. v Lewisohn* (40 NY2d 87, 94), although the petitioner was found not to be entitled to the mandatory exemption, the Court of Appeals focused not only on the absence of the petitioner's association with either an organized religious denomination or an organization having as its avowed purpose the furthering of a recognized religion, but also relied upon the absence of a religious purpose in the petitioner's statement of corporate purposes.

We note that petitioner does not maintain a church, has no clergy and does not conduct religious services, but the term "exclusively religious" *(see,* RPTL 420-a [1] [a]) embraces more than religious services, and religious activities are not confined to a church or house of worship *(Matter of Rochester Christian Church v State of N. Y. Pub. Serv. Commn.,* 55 NY2d 196, 202). It is clear from petitioner's corporate purposes, as set forth above, that petitioner recognizes the existence of God as a higher divine power, and that petitioner embraces, subject to its own interpretation, traditional Christian values "such as sin, suffering, forgiveness, Atonement and the meaning of the Crucifixion". Spiritual development is petitioner's stated goal and when asked to state its "belief, creed or doctrine" in the application for an exemption, peti-

tioner responded, "The healing of relationships through forgiveness is the means of remembering our relationship with God."

Petitioner purchased the subject property in 1988, and it is described by petitioner's president as "a place where the person of Jesus and His message in the Course would be manifest". The property is improved by several structures, including a five-story main building with classrooms and lecture rooms, a dining room and kitchen used exclusively for the students and teachers, and housing for some of the students. According to petitioner's president, the students participate: "in an organized and structured program of classes, seminars, workshops and discussion groups. There are two, three, and five-day programs at different levels to accommodate those who are more advanced in the Course's ideas and system of thought. These programs are the beginning of an education in the Course in Miracles. The textbook, workbook, and teachers manual enable the students to continue their education after the Course instruction at the Center."

Although petitioner's structure, organization, methods and practices apparently are not in accord with respondents' view of what a traditional church or religious organization should be, the record does not provide a rational basis for respondents' denial of the mandatory exemption provided for in RPTL 420-a (1) (a). Petitioner's corporate purposes clearly revolve around beliefs which petitioner asserts are religious in nature, and through its teachings and activities petitioner has defined what its religion is. In the absence of any evidence of insincerity or deception on petitioner's part, we conclude that, on the facts presented in this record, petitioner is a corporation organized exclusively for religious purposes within the meaning of RPTL 420-a (1) (a) (see, Matter of Holy Spirit Assn. for Unification of World Christianity v Tax Commn., 55 NY2d 512, 527-528).

There is no dispute that, except for a 60-foot by 60-foot parcel leased to a communications company for an antenna, petitioner's property is used primarily for religious purposes. Accordingly, with the exception of the 60-foot by 60-foot parcel, petitioner's property is entitled to the mandatory exemption.

Judgment reversed, on the law, without costs, determination annulled and matter remitted to respondents for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.