■ LIVING SPRINGS RETREAT, Appellant-Respondent, v COUNTY OF PUTNAM et al., Respondents, and TOWN OF PUTNAM VALLEY et al., Respondents-Appellants. [626 NYS2d 268] —In an action, inter alia, for a judgment declaring a certain parcel of real property exempt from property taxes pursuant to Real Property Tax Law § 420-a, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Ingrassia, J.), entered February 3, 1993, which dismissed the complaint. The defendants Town of Putnam Valley, Ronald Fiorentino, Philip W. Orlando, and Ruth A. Clause cross-appeal from the judgment.

Ordered that the cross-appeal is dismissed on the ground that the respondents-appellants are not aggrieved thereby (see, CPLR 5511; Parochial Bus Sys. v Board of Educ., 60 NY2d 539); and it is further,

Ordered that the judgment is modified, on the law, by adding thereto a provision declaring that the parcel of real property in question is not exempt from real estate taxes pursuant to Real Property Tax Law § 420-a; as so modified, the judgment is affirmed; and it is further,

Ordered that the respondents-respondents and the respondents-appellants, appearing separately and filing separate briefs, are awarded one bill of costs.

The plaintiff religious organization, which consists of lay

members of the Seventh Day Adventist faith, owns and operates a self-described lifestyle/health maintenance facility on real property located in the Town of Putnam Valley. At this facility, which is opened to the general public and is attended primarily by individuals who are not members of the Seventh Day Adventist religion, there are whirlpool and sauna treatments, stop-smoking programs, video programs and slide shows on health-related topics, outdoor activities, classes in cooking, and other health-oriented activities. Guests are not required to attend or take part in any traditionally overt religious activities, such as prayer groups or services. The plaintiff's advertising for the camp does not indicate that the program is religious in nature or related to the Seventh Day Adventist faith.

The Supreme Court correctly granted judgment in favor of the defendants on the ground that the property in question is not used primarily for the plaintiff's religious purposes *(see, Matter of Symphony Space v Tishelman,* 60 NY2d 33; *Gospel Volunteers v Village of Speculator,* 29 NY2d 622). Although health and physical well being are central concerns of the Seventh Day Adventist religion, in this case the health-related services are directed by the plaintiff to nonadherents of its religious principles. The fact that advertising for those services is aimed at the public as a whole supports the conclusion that the camp is not used primarily for the plaintiff's religious purposes *(see, Independent Church of Realization of Word of God v Board of Assessors,* 81 AD2d 579; *cf., Matter of Shrine of Our Lady of Martyrs v Board of Assessors,* 40 AD2d 75, *affd* 33 NY2d 713; *Greater N. Y. Corp. of Seventh-Day Adventists v Town of Dover,* 29 AD2d 861). Also significant is the fact that guests are not required to participate in any prayer services, indoctrination, or similar activities *(cf., Matter of Foundation for "A Course in Miracles" v Theadore,* 172 AD2d 962).

Since the plaintiff has offered no evidence that the defendant Town of Putnam Valley has granted tax-exempt status to other properties used in a manner similar to the property in question, the plaintiff's claim of discrimination was also properly rejected by the Supreme Court. However, we modify the judgment so as to provide for declaratory relief *(see, Lanza v Wagner,* 11 NY2d 317, 334, *cert denied* 371 US 901). Mangano, P. J., Sullivan, Copertino and Altman, JJ., concur.