■ LIVING SPRINGS RETREAT, Respondent, v COUNTY OF PUTNAM et al., Defendants, and LORENTZ W. HANSEN, Nonparty Appellant. [670 NYS2d 317] —In an action, *inter alia,* for a judgment declaring a certain parcel of real property exempt from property taxes pursuant to Real Property Tax Law § 420-a, Lorentz W. Hansen appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated December 4, 1996, as denied that branch of his motion which was for an award of attorney's fees on a quantum meruit basis.

Ordered that the order is affirmed insofar as appealed from, with costs.

If an attorney is discharged without cause prior to the completion of services, then the amount of the attorney's compensation must be determined on a quantum meruit basis (*see, Teichner v W & J Holsteins,* 64 NY2d 977). The nonparty appellant, an attorney, claims that he is entitled to $139,852.95 on a quantum meruit basis for legal services rendered over a 12-year period to the plaintiff, a not-for-profit corporation. The record reveals, however, that the attorney was not discharged prior to the completion of his services (*see, Marschke v Cross,* 82 AD2d 944). Although the attorney was replaced as lead counsel, he continued to participate in the trial, which resulted in the dismissal of the corporation's complaint (*see, Living Springs Retreat v County of Putnam,* 215 AD2d 449, *cert denied* 519 US 1040). Moreover, there is no evidence to support the attorney's conclusory allegations that the corporation was obligated to retain him for an appeal (*see, Vitale v La Cour,* 92 AD2d 892). Accordingly, the Supreme Court properly denied that branch of the attorney's motion which was for an award of attorney's fees on a quantum meruit basis. Miller, J. P., Thompson, Friedmann and McGinity, JJ., concur.