# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**268**

**CA 12-01797**

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF MERRY-GO-ROUND PLAYHOUSE, INC.,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ASSESSOR OF CITY OF AUBURN, BOARD OF ASSESSMENT
REVIEW OF CITY OF AUBURN, AND CITY OF AUBURN,
RESPONDENTS-RESPONDENTS.

---

BOYLE & ANDERSON, P.C., AUBURN (CHARLES H. LYNCH, JR., OF COUNSEL),
FOR PETITIONER-APPELLANT.

JOHN C. ROSSI, CORPORATION COUNSEL, AUBURN (ANDREW S. FUSCO OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered April 2, 2012.  The order, insofar as appealed from, granted respondents' motion for summary judgment and denied petitioner's cross motion for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, respondents' motion for summary judgment is denied, petitioner's cross motion for summary judgment is granted, the petition is granted insofar as it seeks a tax exemption pursuant to Real Property Tax Law § 420-a (1) (a) for real property located at 112 Franklin Street and 230 Genesee Street in the City of Auburn, and the matter is remitted to Supreme Court, Cayuga County, for further proceedings in accordance with the following Memorandum:  Petitioner, a not-for-profit corporation engaged in the performing arts, commenced this proceeding seeking review of the assessment for its property at 230 Genesee Street in the City of Auburn (Genesee Street property), as well as respondents' determination that the Genesee Street property and petitioner's property at 112 Franklin Street (collectively, properties) are not tax exempt pursuant to RPTL 420-a.  The properties consist of apartment buildings used to house staff and actors employed in petitioner's seasonal theaters.  The properties are open only to petitioner's actors and staff, and petitioner receives no income from the properties.

In lieu of an answer, respondents moved to dismiss the petition pursuant to CPLR 3211 (a) (7), and petitioner cross-moved for summary judgment on the petition.  The parties agreed that the assessed valuation of the Genesee Street property should be reduced from

$400,999 to $400,000, and Supreme Court issued an order to that effect.  In the same order, the court also treated respondents' motion as one for summary judgment, and granted that motion.  Petitioner appeals from the order insofar as it granted respondents' motion for summary judgment and denied petitioner's cross motion for that relief.

"All real property within the state shall be subject to real property taxation . . . unless exempt therefrom by law" (RPTL 300).  Both the New York Constitution and the RPTL provide exemptions from taxation for real property used for religious, educational or charitable purposes.  The New York Constitution provides an absolute exemption for real property "used exclusively for religious, educational or charitable purposes as defined by law and owned by any corporation or association organized or conducted exclusively for one or more of such purposes and not operating for profit" (NY Const, art 16, § 1).  RPTL 420-a (1) (a) also grants that mandatory exemption from taxation by providing that "[r]eal property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association . . . shall be exempt from taxation as provided in this section." RPTL 420-a (1) (a) thus creates a two-part test for determining eligibility for tax-exempt status, i.e., "[t]he owner of the real property must establish (1) that the organization is organized or conducted exclusively for an exempt purpose, and (2) that the land for which exemption is sought is used exclusively for an exempt purpose" (New York Nonprofit Law and Practice § 14.03 [4] [a] at 14-48 [Matthew Bender 2012]).

Here, there is no dispute that petitioner satisfied the first prong of RPTL 420-a (1) (a), i.e., that petitioner is organized exclusively for an exempt purpose.  Petitioner's certificate of incorporation provides that petitioner was formed for purposes including the "present[ation] [of] theater as the showcase for all the arts"; "to encourage appreciation of wholesome entertainment in the Auburn area"; and "to conduct year round programs in the performing arts for children, teenagers, and adults."

Our analysis thus turns to the second prong of RPTL 420-a (1) (a), i.e., whether the properties are used exclusively for an exempt purpose.  " 'Generally, the burden of proof lies with the taxpayer who is seeking to have real property declared tax exempt' " (*Matter of Lackawanna Community Dev. Corp. v Krakowski*, 12 NY3d 578, 581; *see Matter of Mobil Oil Corp. v Finance Adm'r of City of N.Y.*, 58 NY2d 95, 99).  "[W]hile exemption statutes should be construed strictly against the taxpayer seeking the benefit of the exemption, an interpretation so literal and narrow that it defeats the exemption's settled purpose is to be avoided . . . Accordingly, 'exclusive', as used in the context of [tax] exemption statutes, has been held to connote 'principal' or 'primary' " (*Matter of Association of Bar of City of N.Y. v Lewisohn*, 34 NY2d 143, 153).  Moreover, "[t]he test of entitlement to tax exemption under the 'used exclusively' clause of

[RPTL 420-a (1) (a)] is whether the particular use is ' "reasonably incident[al]" to the [primary or] major purpose of the [corporation]' . . . Put differently, the determination of ' "whether the property is used exclusively for the statutory purposes depends upon whether its primary use is in furtherance of the permitted purposes" ' (*Matter of Genesee Hosp. v Wagner*, 47 AD2d 37, 44, *affd* 39 NY2d 863, quoting *Gospel Volunteers v Village of Speculator*, 33 AD2d 407, 411, *affd* 29 NY2d 622)" (*Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg*, 79 NY2d 244, 250).

Here, petitioner met its burden on its cross motion by presenting evidence that the primary use of the properties furthers a primary or major purpose of that corporation (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Applying a "fair reading" of the purposes set forth in petitioner's certificate of incorporation (*Matter of Highland Lake Bible Conference v Board of Assessors of Town of Highland*, 92 AD2d 655, 656, *lv denied* 59 NY2d 604), we conclude that petitioner's submissions establish that it was founded for the purpose of promoting and presenting theatrical arts, i.e., for purposes of education and the moral and mental improvement of men, women and children (*see Matter of Symphony Space v Tishelman*, 60 NY2d 33, 35). The affidavit of petitioner's producing and creative director establishes that the use of the properties at issue is reasonably incidental to the primary or major purpose of petitioner (*see Yeshivath Shearith Hapletah*, 79 NY2d at 250), i.e., the properties are intended to house staff and actors who work in petitioner's theaters and to help cultivate petitioner's community amongst its artists. According to that director, the housing of actors and staff together promotes countless hours of volunteer work in the form of "running lines together, discussing creative ideas, working on wardrobes, [and] creating sets," all of which further the purposes and mission of petitioner. That director also averred that the properties are not open to the public and create no income for petitioner. In view of that evidence, we conclude that petitioner met its initial burden on its cross motion (*see generally Zuckerman*, 49 NY2d at 562). Indeed, we note that housing used to further an exempt purpose has been found tax exempt in numerous other contexts (*see e.g. Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown*, 10 NY3d 205, 216; *Yeshivath Shearith Hapletah*, 79 NY2d at 247-251; *Matter of St. Joseph's Health Ctr. Props. v Srogi*, 51 NY2d 127, 129; *University of Rochester v Wagner*, 63 AD2d 341, 355-356, *affd for the reasons stated* 47 NY2d 833; *Sephardic Congregation of S. Monsey v Town of Ramapo*, 47 AD3d 915, 916-918; *Matter of Foundation for A Course In Miracles v Theadore*, 172 AD2d 962, 964, *lv denied* 78 NY2d 856).

Respondents' submissions both in support of their motion and in opposition to the cross motion, which consist primarily of the affidavit of the real property appraiser of the City of Auburn and petitioner's tax exemption applications, do not raise an issue of fact to defeat the cross motion (*see generally Zuckerman*, 49 NY2d at 562). We thus reverse the order insofar as appealed from, grant petitioner's cross motion for summary judgment and remit the matter to Supreme

Court to calculate the amount of real property tax, if any, to be refunded to petitioner (*see generally Miriam Osborn Mem. Home Assn. v Assessor of City of Rye*, 80 AD3d 118, 147).  We further note that, although petitioner sought an award of costs and disbursements in the petition, including attorneys' fees, it did not specifically address that request for relief either before the motion court or on appeal.  We thus grant the petition only insofar as it seeks a tax exemption for the properties pursuant to RPTL 420-a (1) (a) (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984; *cf. U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 596-597).

Entered:  March 22, 2013                         Frances E. Cafarell
                                                 Clerk of the Court